13977

SOUTH CAROLINA NATIONAL BANK OF COLA. v. BATES

(178 S. E., 611)

172

*Messrs. Hunt & Clarkson* and *Grier, Park, McDonald & Todd,* for appellant,

*Messrs. Herbert & Dial,* for respondent,

January 15, 1935.

The opinion of the Court was delivered by MR. JUSTICE CARTER.

As a statement of this case, the Court adopts the agreed statement of counsel appearing in the transcript of record, to wit: "The South Carolina National Bank of Columbia, South Carolina, as Executor of the Estate of Edwin Trumble, deceased, commenced this action in the Court of Common Pleas for Richland County on or about the 18th day of February, 1933, against Jos. McC. Bates *et al.,* who are legatees and devisees of the said Edwin Trumble, or otherwise interested in the estate. The Appellant, Mary Alice Gibson, is one of the legatees. The main purpose of the ac-

tion by said Executor, the Respondent herein, is to secure a construction of the last will and testament of said Edwin Trumble. The Plaintiff also seeks the instructions of the Court as to the proper mode of distribution of the estate. Amongst other things, the Executor asks that the Court decide that the Appellant, Mary Alice Gibson, is entitled to receive, in the settlement of the estate, only the sum of $702-.76, less inheritance taxes, said sum being the net amount payable by the Equitable Life Assurance Society under two policies on the life of Edwin Trumble, and in force and effect at the time of his death, the Executor claiming that said amount is the amount of the legacy given in Item 9 of the Will to the Appellant. The executor also seeks instruction in regard to other matters not material on this appeal. The Appellant in her Answer claims that the amount of her legacy is the face amount of the two insurance policies, to wit, the sum of $3,000.00, subject only to a deduction of inheritance taxes. The cause was heard before his Honor, W. H. Townsend, without a jury at Chambers on the pleadings and the record of the estate in the probate Court for Richland, County. Certain oral testimony was also taken but relates to matters not relevant to the issues raised on this appeal. Judge Townsend filed a Decree on July 6, 1933, which, amongst other things, found that the Appellant was entitled to the net proceeds of the policies, to wit, $702.76, and not to the face amount of the said policies. In due time thereafter, Mary Alice Gibson gave the usual notice of intention to appeal."

After careful consideration of the case we are satisfied that his Honor, Judge Townsend, reached the proper conclusion in the case. The exceptions are therefore overruled, and it is the judgment of this Court that the decree issued by Judge Townsend in the cause and judgment thereon be affirmed.

MESSRS. JUSTICES STABLER and BONHAM and MR. ACTING ASSOCIATE JUSTICE G. DEWEY OXNER concur.