21674

Pashabhai P. PATEL and Shanta P. Patel, Respondents, v. SOUTHERN BROKERS, LTD., Richard L. Haddox and Sherry L. Haddox, Defendants; of whom Southern Brokers, Ltd. is Appellant.

(289 S. E. (2d) 642)

*Burroughs, Green & Sasser*, Conway, *for appellant.*

*Daniel A. Speights*, Hampton, *for respondents.*

March 17, 1982.

LITTLEJOHN, Justice:

The Plaintiffs, Pashabhai P. Patel and Shanta P. Patel, procured a judgment by default against the Defendant, Southern Brokers, Ltd. Defendant moved to vacate the judgment ". . . on the ground that the Summons and Complaint were never served on the Defendant Southern Brokers, Ltd. as required by statute, and therefore, the court never gained jurisdiction of the Defendant Southern Brokers, Ltd."

The Defendant, a North Carolina realtor, negotiated a sale of motel property at Allendale, South Carolina, to the Plaintiffs for the owners, Richard L. Haddox and Sherry L. Haddox. The Haddoxes are no longer parties to the action. Plaintiff's cause of action is based on fraudulent representations made by agents of the Defendant corporation. Service of process was undertaken pursuant to § 36-2-806, Code of Laws of South Carolina (1976), commonly referred to as the long arm statute. That section reads in pertinent part as follows:

(1) When the Law of this State authorizes service outside this State, the service, when reasonably calculated to give actual notice, may be made:

\* \* \*

(c) by any form of mail addressed to the person to be served and requiring a signed receipt; or

\* \* \*

When service is made pursuant to paragraph (c) of subsection (1) of this section, proof of service shall include a receipt signed by the addressee or other evidence of delivery to the addressee satisfactory to the court.

The agreed statement of fact, included in the transcript of record, by which all parties are bound, contains the following:

The Summons and Complaint were forwarded to the Defendant by Certified Mail, Return Receipt Requested, on July 25, 1977, however, the unopened envelope in which they were mailed was returned to the Plaintiff's attorney by the Post Office as being refused.

Defendant's refusal to accept the letter made it impossible for the Plaintiff to "... include [in the proof] a receipt signed by the addressee. ..." An exception on this ground is without merit.

The Defendant on this appeal submits that there is no appropriate proof of service included in the record.

The affidavit was signed but the maker inadvertently failed to have his signature notarized. The requirement of proof of service is irregular to that extent and technicalities have not been met but such failure does not deprive the court of jurisdiction nor invalidate service. It is the service of process which gives jurisdiction to the court. Jurisdiction may be acquired before proof of service is perfected.

Section 15-9-100 reads as follows:

At any time in its discretion and upon such terms as it deems just the court may allow any process or proof of service thereof to be amended, unless it clearly appears that material prejudice would result to the substantial rights of the party against whom the process issued.

Accordingly, the court might, even now, allow proof of service to be amended and supplied so as to reflect that which truly happened. Inasmuch as the agreed statement of facts admits that the Defendant refused the Summons and Complaint, an amendment, though permissible and proper, is not necessary. If the Defendant suffers material prejudice, it is not because of the inadequacy of the proof. The injury suffered is the result of a self-inflicted wound.

The Defendant submits two questions for determination by this Court. They are taken from its brief as follows:

1. Was the Summons and Complaint served on Southern Brokers, Ltd. as required by Section 36-2-803 et seq.?

2. Does the record show that the Court acquired jurisdiction of Southern Brokers, Ltd.?

We are of the opinion that inasmuch as the first question must be decided against the Defendant, it is not necessary to treat the second issue submitted. The real question for the court to determine is whether a defen-

dant may avoid the process of the court by the simple expedient of refusing to receive the Summons and Complaint. The Master in Equity to whom the issues were submitted, made a finding, which is not contested:

I find as a fact that at the time the Defendant, Southern Brokers, Ltd., refused to accept the Summons and Complaint, it knew the name of the Plaintiff's attorney, knew that the envelope contained or probably contained legal process concerning the lawsuit, and that it wilfully and deliberately refused to accept the Summons and Complaint in an attempt to avoid the process of this Court.

The Defendant, in its affidavit before the lower court, sets forth no facts which warrant the conclusion that it was (1) never served, or (2) should be allowed to vacate the judgment because of excusable neglect. The affidavit is, in essence, a mere conclusion ". . . that no Summons and Complaint in the above-entitled case has ever been served upon either of them personally nor do they have any knowledge of a copy of the Summons and Complaint ever having been served upon any of the personnel employed by Southern Brokers, Ltd. in its office in Wilmington, North Carolina, either by delivery by someone or by mail."

It would hardly be seriously argued that a Defendant could avoid the process of the court by merely throwing the Summons and Complaint back at the process server. By a similar token, we think it can hardly be logically argued that one may avoid the process of the court by merely refusing to accept a letter known to contain a Summons and Complaint.

Several courts have discussed the question presented to us. In *Merriott v. Whitsell,* 476 S. W. (2d) 230 (Ark.,, 1972), a non-resident defendant refused to accept a Summons and Complaint sent by certified mail. The court said:

We agree with appellant that one, who is subject to the jurisdiction of the courts of this state under the act, cannot defeat the jurisdiction by the simple expedient of refusing to accept a registered letter. The avoidance of authorized service of proper process by a wilful act or refusal to act on the part

of the defendant would create an intolerable situation and should not be permitted.

In *Cherry v. Heffernan,* 132 Fla. 386, 182 So. 427 (1938), the Court said:

If defendant chooses to flout the notice and refuse to accept it, he will not be permitted to say in the next breath that he has not been served.

In *Creadick v. Keller,* 160 A. 909 (Del. 1932), the Court said:

It is clear from the record that the plaintiff's failure to fully comply with the requirements of the statute was caused by the defendant's refusal to receive the letters and sign the receipt. Such refusal made it impossible for the plaintiff to file the return receipt with his declaration. It would create an intolerable situation if the defendant could, by his own wilful act, or refusal to act, prevent the plaintiff from maintaining his action. It is a situation the Court cannot recognize.

In *Thomas Organ Co. v. Universal Music Company, et al.,* 261 So. 2d. 323 (La. App., 1972), the Court said:

To allow a defendant to defeat service of process by refusing to accept a registered letter or to allow a member of his family to receive it for him ineffectually would make a mockery of R.S. 13:3204 and render it completely ineffective.

It is clear that the Defendant came to South Carolina to do business, negotiated a sale and presumably collected a fee for services rendered to owners of real estate in South Carolina. Although answerable to the Courts of the State for its conduct while here, it refused to accept service of registered mail for the purpose of avoiding process of the South Carolina Court. This Court has consistently overruled technical objections to service of process where the defendant has not been denied due process.

Opportunity to participate and defend was available to the Defendant who instead "slammed the door closed" and by so doing refused to be a party to the litigation. It will not now be heard to complain. Plaintiffs complied with our statute.

The Defendant, with evil intent, refused to recognize our law. The Summons and Complaint were available to the Defendant; the mailman was not required to ram them down the Defendant's throat.

Having concluded that the Defendant was served with process, it follows that the Court acquired jurisdiction and treatment of the other issue raised in this appeal is not required.

Affirmed.

LEWIS, C. J., and NESS, GREGORY and HARWELL, JJ., concur.