0299

Harold SIMMONS, Sheran B. Goldberg, as Executrix of the Estate of I. M. Goldberg, and Leonard S. Goldberg, operating and doing business under the name and title of King & Queen Company, Respondents, v. LUCAS AND STUBBS ASSOCIATES, LTD., General Contracting Company, Inc., Bonitz Insulation Company of South Carolina, Inc., and Ball Plastering Contractors, Inc., Appellants.

(322 S. E. (2d) 467)

---

Court of Appeals

*Henry B. Smythe* and *Claron A. Robertson, III,* of *Buist, Moore, Smythe, & McGee,* and *Joseph R. Young,* of *Young, Clement, Rivers & Tisdale,* Charleston, *for appellant Lucas and Stubbs Associates, Ltd.*

*Jeter E. Rhodes, Jr.,* of *Whaley, McCutchen, Blanton & Rhodes,* Columbia, *for appellant Bonitz Insulation Co. of South Carolina, Inc.*

*T. E. Pedersen,* Charleston, *for appellant General Contracting Co., Inc.*

*Rhett P. Dove, III* and *Joel W. Collins, Jr.*, of *Nelson, Mullins, Grier & Scarborough*, Columbia, *for appellant Ball Plastering, Contractors, Inc.*

*Morris D. Rosen*, of *Rosen, Oberman & Rosen*, and *W. H. Bundy, Jr.*, of *Howe & Bundy*, Charleston, *for respondents.*

Oct. 24, 1984.

BELL, Judge:

This is a dispute over the construction of an office building in Charleston. The owners of the building sued the architect, the general contractor, and two subcontractors seeking damages for alleged negligence in its design and construction. Pursuant to a stipulation of all parties, the matter was submitted to arbitration, resulting in an award to the owners of $122,389 against the architect and $28,999 against the general contractor. The arbitrators dismissed the claims against the subcontractors. Upon motion of the owners, the circuit court vacated the arbitration award and ordered the matter placed on the jury calendar for trial. The architect, the general contractor, and the subcontractors appeal. We reverse and remand for entry of judgment confirming the arbitrators' award.

This case is governed by the Federal Arbitration Act.[1] The key issue on appeal is whether the arbitrators made a complete determination of the matter submitted to them for arbitration. If they did so, the circuit court erred in vacating the award. *See Auxiliary Power Corp. v. Eckhardt & Co.*, 266 F. Supp. 1020 (S.D.N.Y. 1966); 9 U.S.C. Section 10(d).

The material facts are as follows. The owners, doing business as the King & Queen Company, contracted with Lucas & Stubbs, the architect, for architectural services in connection with the construction of a four story office building in Charleston. After the architect designed the building, the owners contracted with General Contracting Company, the general contractor, to build it. The general contractor subcontracted with Bonitz Insulation Company to install steel studding, door and window frames, drywall, ceilings, and insulation and with Ball Plastering Contractors to install lath plastering and stucco.

---

[1] 9 U.S.C. Sections 1 through 14.

Upon completion of construction, the owners began to experience serious difficulties with the building because it was not wind and water tight. When the problems were not corrected to their satisfaction, the owners filed suit against the architect and the general contractor on August 7, 1979. Both defendants answered alleging the matter should be referred to arbitration. Thereafter both moved to compel arbitration under the Federal Arbitration Act.

On November 3, 1979, one of the owners, I. M. Goldberg, died. By an amended complaint filed February 5, 1980, his executrix was substituted as a plaintiff. By the same amended complaint the subcontractors were joined to the suit as defendants.

On February 11, 1980, all parties stipulated that "this matter shall be subject to arbitration under current 'Construction Industry Arbitration Rules' of the American Arbitration Association." Pursuant to this stipulation, the matter was submitted to arbitration. The parties agreed the arbitration would be final and binding on them.

After the parties stipulated to arbitration, but before the arbitration hearings were held, the architect filed two suits against the owners. The first suit was to collect a past due promissory note given by the owners for architectural services in connection with the office building. The second suit was to enforce payment allegedly due from the owners for architectural work on a parking garage next to the office building. At the time of suit, the parking garage had not been built. The owners had also executed a promissory note to the general contractor for an unpaid balance due for construction of the office building. However, the general contractor had not commenced litigation to collect the note. Neither of the subcontractors held notes from the owners nor were they involved in other litigation with the owners.

The arbitrators held six days of hearings in October, 1980. During the fifth day of the arbitration hearings, counsel for the owners, over objection of opposing counsel, introduced the two notes and the pleadings in the two suits commenced by the architect. Counsel took the position that any claims for unpaid architectural services, retainage, or other debts allegedly owed by the owners should be determined by the arbitrators and offset against the amounts found due to the

owners on their claims. In other words, the owners took the position that all matters arising out of the architectural and construction contracts were subject to arbitration. The opposing parties contended the arbitration was limited to the matter submitted under the parties' stipulation, *i.e.* the claims raised in the owners' suit.

The arbitrators issued their award on December 23, 1980. The award addressed only the owners' claims against the architect, the general contractor, and the subcontractors. It expressly stated the arbitrators had not made any findings regarding claims involved in other proceedings for various retainage amounts.

The owners moved in the circuit court to vacate the award because the arbitrators failed to address the additional claims raised by them during the hearings. The court concluded the arbitration was governed by a clause in the contract between the architect and the owners which provides:

> All claims, disputes and other matters in question between the parties to this Agreement, arising out of, or relating to this Agreement or the breach thereof, shall be decided by arbitration ... unless the parties mutually agree otherwise.

On the basis of this clause, the court decided the arbitrators were bound to consider "all claims" presented by the parties at the hearing. Because they did not consider claims arising on the notes and with respect to the unbuilt parking garage, the court held the arbitrators had failed to consider matters manifestly submitted to them for arbitration. It therefore vacated the award pursuant to Section 10(d) of the Federal Arbitration Act.

The controlling principle of law has been aptly stated by our Supreme Court in *Derrick v. Compton*, 249 S. C. 402, 406, 154 S. E. (2d) 573, 575, 36 A.L.R. (3d) 643, 647 (1967):

> The parties to an arbitration agreement have a right to insist upon a complete determination of all questions submitted to the arbitrators and, where there is an alleged failure to decide all such questions, the court has the power, at the instigation of any party to the agreement, to determine whether the award covers the full

scope of the issues submitted. This is not a review of the decision of the arbitrators upon the merits of an issue submitted but rather a judicial inquiry into whether the arbitrators have performed the duties imposed upon them under the agreement.

Although *Derrick v. Compton* was decided under the common law, Section 10(d) of the Federal Arbitration Act embodies the same principle. *See Western Electric Co. v. Communications Workers of America,* 450 F. Supp. 876 (E.D.N.Y. 1978), *aff'd* 591 F. (2d) 1333 (2nd Cir. 1978).

In this case the circuit court misapprehended the scope of the duty imposed on the arbitrators by the parties' agreement. The court relied on a clause in the contract between the architect and the owners in concluding the arbitrators were bound to decide any issue raised by the parties during the hearings. In so doing, the court overlooked the fact that this particular arbitration was not based on the architect's contract, but on a stipulation of all parties to the lawsuit. Although they were parties to the lawsuit, neither the general contractor nor the subcontractors was a party to the architect's contract. They could not be bound by its terms to arbitrate their dispute with the owners. *H.H. & F.E. Bean, Inc. v. Travelers Indemnity Co.,* 67 A.D. (2d) 1102, 415 N.Y.S. (2d) 144 (1979).

Moreover, the court overlooked critical provisions of the very contract clause on which it relied to vacate the award. That clause provided, among other things:

> No arbitration, arising out of, or relating to this Agreement, shall include . . . any additional party not a party to this Agreement except by written consent containing a specific reference to this Agreement and signed by all the parties hereto. Any consent to arbitration involving an additional party or parties shall not constitute consent to arbitration of any dispute not described therein. . . .

This clause makes it clear that because additional parties were involved the scope of the arbitration was to be governed by the terms of the parties' stipulation, not the terms of the architect's contract as the circuit court held. Neither the stipulation to arbitrate nor the owners' amended complaint mentions anything about the two notes or the unbuilt parking

garage. Thus, by the very terms of the contract upon which the circuit court relied, the parties did not consent to arbitrate the disputes relating to those matters.

Significantly, the stipulation to arbitrate did not contain a "specific reference" to the architect's contract, as it might have. Instead, the parties agreed the arbitration would be governed by the Construction Industry Arbitration Rules of the American Arbitration Association. Rule 8 of those Rules provides:

> After filing of the claim . . . if either party desires to make any new or different claim or counterclaim, same shall be made in writing and filed with the AAA. . . . However, after the arbitrator is appointed no new or different claim or counterclaim may be submitted without the arbitrator's consent.

The owners' attempt to inject new or different claims into the arbitration on the fifth day of hearings was in plain violation of this rule. It was also outside the scope of the stipulation to arbitrate, which covered only the matter raised by the owners' amended complaint, *i.e.*, their claim for damages for negligent design and construction of the office building. The circuit court erred in holding the arbitrators had a duty to go beyond those claims and consider alleged debts arising from the unbuilt parking garage and the notes held by the architect and general contractor.

On appeal, the owners argue that the circuit court should be affirmed, because public policy favors arbitration of disputes. They point out that the additional claims on the notes and the unbuilt parking garage arose out of the same underlying transaction as and bear a relation to the claims of the owners. They also maintain that litigation of these other claims would be wasteful of judicial resources and would require the parties to present much of the same evidence in court as they have already presented in the arbitration hearings.

These arguments miss the essential point. The question before us is not whether arbitration of all claims in one proceeding is desirable or more efficient or more consistent with the policy of encouraging arbitration. The question is whether the stipulation of the parties imposed a duty on the arbitrators to decide the additional claims. Ar-

bitration rests on the agreement of the parties, and the range of issues to be arbitrated is restricted by the terms of the agreement. *Wright Lumber C. v. Herron,* 199 F. (2d) 446 (10th Cir. 1952); *Lynch v. Three Ponds Co.,* 656 P. (2d) 51 (Colo. App. 1982). A party cannot be compelled to arbitrate a particular dispute unless his agreement expressly encompasses the subject matter of the dispute. *Bowmer v. Bowmer,* 50 N. Y. (2d) 288, 428 N.Y.S. (2d) 902, 406 N.E. (2d) 760 (1980); *see also First Citizens Municipal Corp. v. Pershing Division, Donaldson, Lufkin & Jenrette Securities Corp.,* 546 F. Supp. 884 (N.D.Ga. 1982) (notwithstanding overriding federal policy favoring arbitration, scope of arbitration remains restricted to clear terms of submission agreement). The stipulation referred only to those matters in the owners' amended complaint, not to issues raised in the subsequent lawsuits filed by the architect. The arbitrators were under no duty to decide the latter issues. Furthermore, the owners have given us no reason why they could not move to compel arbitration of the issues raised by the architect's two suits, if they truly desire arbitration of those claims.

In sum, we hold the arbitrators fully performed the duties imposed on them by the stipulation to arbitrate. For this reason, the circuit court had no basis to vacate the award. The judgment is therefore reversed and the cause remanded to the circuit court for entry of judgment confirming the award.

Reversed and remanded.

SHAW and CURETON, JJ., concur.