22538

Robert E. SKELTON, Respondent v. SUMMIT BUILDERS OF GREENVILLE, INC., Appellant.

(343 S. E. (2d) 446)

Supreme Court

---

[1] At oral argument, counsel for respondent conceded the $3,000.00 amount was a loan.

*Richard H. Warder* of *Warder & Steele*, Greenville, *for appellant.*

*C. T. Wyche* and *Frank S. Holleman, III* of *Wyche, Burgess, Freeman & Parham*, Greenville, *for respondent.*

Heard March 24, 1986.

Decided April 28, 1986.

GREGORY, Justice:

This is an action seeking specific performance of a real estate sales contract. Appellant is the seller. Respondent is the assignee of the buyer. The Master-in-Equity ordered specific performance and awarded respondent damages, costs and attorney's fees. This appeal followed.[1] We affirm.

The facts as set forth in pertinent portions of the statement of the case are as follows:

Appellant and James R. Clardy, Jr., were parties to this real estate contract (and a later agreement extending that contract) in which Summit Builders agreed to sell the house and lot to Clardy. The sale was to be consummated on or before April 15, 1983. On July 30, 1982, Clardy assigned that contract and agreement to respondent, for consideration. The consideration was a credit of $35,000.00 against an obligation Clardy had to Skelton, which was in excess of $55,000.00. The contract did not prohibit assignment. An executed deed had been placed in escrow with an attorney, P. J. Sasso.

In January 1983, Skelton obtained a purchaser for the property, and a closing was scheduled for February 1, 1983; however, Joe W. Hiller, Summit Builders' president, pre-

---

[1] This is actually an appeal from two orders of the Master-in-Equity.

vented the deed from being delivered out of escrow. Hiller advised that nothing could happen in the transaction until a dispute between Clardy and Hiller was resolved. This $10,000.00 claim arose out of a personal dispute between Hiller and Clardy, rather than any dispute between the appellant and Skelton. As a result of Hiller's objection, Sasso would not deliver the deed out of escrow.

In April of 1983, another closing was scheduled. Respondent again requested that a deed be executed by appellant to Skelton as the purchaser under the assigned contract. Hiller refused to execute a deed.

At the time of the assignment of the contract by Clardy to Skelton in July 1982, respondent had no indication that Clardy was in financial difficulty. There was no judgment against Clardy until after the assignment. As to judgments eventually filed against Clardy, by the time of the hearing, all of Clardy's judgment creditors had executed releases of the property at issue.

When this action was commenced, appellant had already received its entire equity interest in the property through payments it had earlier received.

Regarding the order of specific performance, appellant asserts two basic contentions: (1) the assignment by Clardy was not made in good faith for good consideration; and (2) appellant had fully performed all of its obligations under the contract. Although it appears that respondent would prevail on the merits,[2] we need not reach these issues because the statement of the case as settled by the lower court[3] removes these issues from this Court's consideration.

Parties to an appeal are bound by facts as set forth in the statement of the case. *Germain v. Nichol,* 278 S. C. 508, 299 S. E. (2d) 335 (1983). *Patel v. Southern Brokers Ltd.,* 277 S. C. 490, 289 S. E. (2d) 642 (1982). In the statement,[4] the following critical facts are stated:

---

[2] *See Mitchell v. Cleveland,* 76 S. C. 432, 57 S. E. 33 (1906) [Appellant lacks standing to challenge the assignment.]; *Tucker v. Atlantic Coast Lumber Co.* 78 S. C. 134, 59 S. E. 859 (1907) [Assignee can sue for specific performance.]. It is evident specific performance was appropriate in this case.

[3] No appeal was taken from the order settling the record.

[4] Appellant argues the 1978 Amendments to the Supreme Court Rules altered this long-standing rule; however, both *Germain* and *Patel* were post-1978 cases.

1. The contract was assigned for consideration.
2. Respondent had no knowledge of Clardy's financial difficulties, and there were no claims against the property when the assignment was made. Furthermore, all of Clardy's creditors have executed releases concerning this property.
3. Appellant's agent twice refused to authorize delivery of the deed out of escrow. One of the refusals was based on a $10,000.00 personal dispute with Clardy.
4. Appellant had received all monies due under the contract.

In its brief, appellant disputes many of these facts; however, their inclusion in the statement bars appellant from arguing to the contrary. *Germain; Patel.* The statement clearly establishes that the assignment was made in good faith for valuable consideration. Furthermore, it shows Hiller, an agent of appellant, refused to deliver the deed out of escrow because of a personal dispute with Clardy, even though appellant had received all monies due under the contract. Therefore, appellant's arguments fail.

The only remaining issue is the propriety of the attorney's fee award. The Master awarded these fees giving express consideration to the complexity of the litigation, the difficulty of the issues raised, the experience of the attorneys, and the work performed. He found the fees and costs requested to be reasonable. We find no abuse of discretion. *See S. C. National Bank v. Bates,* 175 S. C. 168, 178 S. E. 611 (1935).

Accordingly, the orders of the Master are affirmed.

Affirmed.

NESS, C. J., and HARWELL, CHANDLER and FINNEY, JJ., concur.