587 So.2d 1 (1991)
Mrs. John E. HURLEY
v.
Barry FOX, Individually and d/b/a Barry Fox & Associates Architects, Ltd.
No. 91-C-0298.
Court of Appeal of Louisiana, Fourth Circuit.
May 21, 1991.
Before SCHOTT, C.J., and WILLIAMS and ARMSTRONG, JJ.
The relator seeks this court's supervisory jurisdiction to review the overruling of his peremptory exception raising the objection of res judicata. Relator argues that plaintiff's claims against him in this suit are barred because they are the same causes of action raised as counter-claims by the respondent in arbitration proceedings and resolved in those proceedings. We grant certiorari and reverse the overruling of the exception.
The arbitration hearing was held without respondent's participation and the arbitrator found in favor of relator. The respondent did not seek to vacate the award or correct it under LSA-R.S. 9:4210 or 9:4211.
The trial court confirmed the arbitrator's award. This court affirmed that judgment, finding that the parties were indeed bound by the terms of an AIA Standard Form Agreement Between Owner and Architect and that the arbitration clause contained therein satisfied the requirements of LSA-R.S. 9:4201. Hurley v. Fox, 559 So.2d 887 (La.App. 4th Cir.1990).
Before this court affirmed that judgment, the relator filed the exception which is the subject of this writ. After this court issued its opinion, the trial court referred the merits of the exception to arbitration. The relator sought writs from the trial court judgment referring the exception to arbitration and this court granted certiorari and held that the exception should be decided by the trial court. Hurley v. Fox, 90-C-1133 (La.App. 4th Cir., September 21, 1990). This court remanded the case to the trial court for a ruling on the merits whereupon the trial court overruled the exception on the ground that since the respondent did not participate in the arbitration proceeding, her claims had not been adjudicated in that proceeding. The trial court referred the respondent's counter-claims to the arbitrator.
This court has specifically held that the AIA Standard Form Agreement Between Owner and Architect expresses the terms of the agreement between the parties and that the arbitration clause contained therein is valid. The arbitrator's decree stated "It is further, ordered, adjudged and decreed that the Award of Arbitration is in full settlement of all claims and counter-claims submitted to the arbitration." The trial court affirmed the arbitrator's award stating "It is further ordered, adjudged *2 and decreed that the Award of the Arbitration is in full settlement of all claims and counter-claims submitted to the arbitration."
The "award for an arbitrator is res judicata and unless grounds are established, in accordance with arbitration law, for the vacation, modification or correction of the award, it must be affirmed." Spencer v. Hoffman, 392 So.2d 190, 191 (La.App. 4th Cir.1980). In this case, the respondent did not move for the vacation or modification of the award as required by LSA-R.S. 9:4213 nor has she ever asserted any of the grounds for modification set forth therein.
The respondent now argues that she has not presented her claims to the arbitrator. However, she had the opportunity to present her claims to the arbitrator and failed to do so timely.
Moreover, considering the merits of relator's exception, a review of the arbitration hearing reveals that the arbitrator heard evidence on all causes of action asserted in respondent's petition. That is, the arbitrator heard evidence on respondent's claim that relator was negligent in supervising and planning and that such negligence caused cost overages, that the relator failed to design windows so that extant draperies would fit the windows, that delays caused by relator's negligence prevented respondent from moving into the house and out of a townhouse such that she suffered damages from real estate price declines when she was finally able to move out of the townhouse and sell it, and that she suffered frustrations, concern, anxiety and upset in relying on the relator's expertise.
The overruling of relator's peremptory exception raising the objection of res judicata is hereby reversed.