593 S.E.2d 480

PALMETTO HOMES, INC., Appellant,

v.

Philip BRADLEY, Chad Summerall, B & S masonry, Inc., Bradley and Summerall Masonry, Inc., Respondents.

No. 3717.

Court of Appeals of South Carolina.

Submitted Sept. 8, 2003.
Decided Dec. 23, 2003.
Withdrawn, Substituted and Re–Filed Feb. 19, 2004.
Rehearing Denied Feb. 29, 2004.

486

H.W. Pat Paschal, Jr., of Greenville, for Appellant.

John R. Devlin, Jr., Christopher R. Antley, both of Greenville, for Respondents.

HOWARD, J.:

Palmetto Homes, Inc. ("Contractor") sued Philip Bradley, Chad Summerall, B & S Masonry, Inc., Bradley and Summerall Masonry, Inc. (collectively "Subcontractor"), asserting causes of action for breach of contract, breach of contract accompanied by a fraudulent act, breach of warranty, and negligence. In response, Subcontractor pled a previously obtained arbitration award as a bar to Contractor's causes of action, simultaneously moving to confirm the arbitration award. The circuit court confirmed the arbitration award and entered judgment in favor of Subcontractor. Contractor moved to vacate the award and compel another arbitration, arguing it had not been provided notice of the arbitration proceeding and thus had not appeared to defend it. The circuit court denied the motion to vacate the arbitration award, ruling Contractor had been provided notice. Additionally, the court granted Subcontractor's motion to dismiss Contractor's claims, ruling they were barred by res judicata. Contractor appeals. We affirm as modified.

## FACTUAL/PROCEDURAL BACKGROUND

Contractor is a residential homebuilder. Contractor entered into a contract with Subcontractor, whereby Subcontractor agreed to provide the masonry work on a residential homebuilding project. The contract between the parties provided for the arbitration of disputes with the American Arbitration Association ("AAA"). Specifically it read:

ARBITRATION: SHOULD A DISPUTE ARISE BETWEEN THE CONTRACTOR AND SUB-CONTRACTOR AS TO ANY MATTER CONCERNING THE WITHIN SUB-CONTRACTOR AGREEMENT AND OR ANY WORK PERFORMED, MATERIALS FURNISHED ON PAYMENT MADE OR REQUESTED FOR SAME, SAID DISPUTE SHALL BE RESOLVED IN ACCORDANCE WITH THE RULES AND REGULATIONS OF THE AMERICAN ARBITRATION ASSOCIATION.

(emphasis as in original).

Following Subcontractor's completion of the masonry work, Contractor asserted there were defects in the masonry work

and refused to pay Subcontractor. Subcontractor then filed a demand for arbitration with the AAA, asserting a claim for a mechanic's lien. Contractor never responded to the demand for arbitration.

After numerous notices were mailed and faxed to Contractor by the AAA, the arbitration took place without the participation of Contractor, and the arbitrator issued an award in favor of Subcontractor.

Following the arbitration award, Contractor brought this action asserting causes of action for breach of contract, breach of contract accompanied by a fraudulent act, breach of warranty, and negligence.

Subcontractor filed a Petition to Confirm Arbitration Award, and the circuit court issued an order confirming the arbitration award and entering judgment. Contractor then filed and served a motion to vacate the arbitration award and compel another arbitration of the dispute, arguing Rule 4, South Carolina Rules of Civil Procedure, applied, and Contractor never received proper notice of the arbitration proceedings. Subcontractor then filed and served its motion to dismiss Contractor's action on the grounds that res judicata barred the suit.

The circuit court denied Contractor's motion to vacate, ruling numerous attempts were made to serve and provide notice of the arbitration proceedings, but Contractor intentionally avoided service. Additionally, the circuit court granted Subcontractor's motion to dismiss Contractor's causes of action on the grounds of res judicata.

## LAW/ANALYSIS

### I. Contractor's Motion to Vacate the Arbitration Award

■ Contractor argues the circuit court erred by finding Contractor received service of process because the service did not comply with Rule 4, South Carolina Rules of Civil Procedure.[1] We hold Palmetto received sufficient service of process and affirm as modified.

---

1. Rule 4 requires service of process on a corporation by personal service or by "registered or certified mail, return receipt requested and delivery restricted to the addressee."

■ An appellate court may affirm the circuit court's ruling using any sustaining grounds that are both raised by the respondent's brief and found within the record. *See I'On, L.L.C. v. Town of Mt. Pleasant*, 338 S.C. 406, 420, 526 S.E.2d 716, 723 (2000).

In the present case, the contract signed by the parties specifically stated the rules and regulations of the AAA apply to the arbitration. Thus, we analyze whether service of process was effected pursuant to the AAA rules. *See Dowling v. Home Buyers Warranty Corp. II*, 311 S.C. 233, 236, 428 S.E.2d 709, 710 (1993) (holding an agreement to arbitrate is a contract, and the parties are free to determine its terms); *see also Simmons v. Lucas & Stubbs Assocs., Ltd.*, 283 S.C. 326, 332–33, 322 S.E.2d 467, 470 (Ct.App.1984) (holding arbitration is a matter of contract, and the range of issues that can be arbitrated is restricted by the terms of the agreement); *Marolf Const. Inc. v. Allen's Paving Co.*, 154 N.C.App. 723, 572 S.E.2d 861, 863 (2002) (holding parties may alter statutory service of process rules through valid arbitration agreements).

The AAA publication of the Construction Industry Dispute Resolution Procedures (1999) contains Rule R–40, which states:

> Each party shall be deemed to have consented that any papers, notices, or process necessary or proper for the initiation or continuation of an arbitration under these rules; for any court action in connection therewith; or for the entry of judgment on any award made under these rules, may be served on a party by mail addressed to the party or its representative at the last known address or by personal service.

Additionally, the rule provides for the following methods of service: "The AAA, the parties, and the arbitrator may also use overnight delivery, electronic facsimile (fax), telex, and telegram." Rule R–40.

The record indicates Subcontractor utilized regular mail as provided by the AAA rules for the service of the demand for arbitration. Subsequent notices sent by the AAA were sent by certified mail, regular mail, and facsimile. Sometimes the same notice was sent by more than one method.

The record also indicates the facsimiles were transmitted properly. Additionally, there is no evidence the regular mail

was returned as undeliverable or for any other reason. The certified mail was returned. However, it was returned because its acceptance was refused or it went unclaimed.[2]

■ Given the facts of this case, we hold service of process was effected pursuant to the AAA rules.[3] Thus, Contractor received proper service of process.[4]

## II. Subcontractor's Motion to Dismiss

Contractor argues the circuit court erred by granting Subcontractor's motion to dismiss, ruling Contractor's causes of

---

2. As an ancillary argument, Contractor contends the circuit court erred by ruling Contractor received service of process pursuant to *Patel v. Southern Broker's Ltd.*, 277 S.C. 490, 493–95, 289 S.E.2d 642, 644–45 (1982) (holding a defendant cannot avoid process of the court by intentionally avoiding service). However, having ruled service of process was sufficient pursuant to the AAA rules, we need not address this issue.

3. On petition for rehearing, Contractor argues this Court erred by considering the AAA rules because the rules were not within the record on appeal. Although the rules are not within our record on appeal, we take judicial notice of them. *See Hetrick v. Friedman*, 237 Mich.App. 264, 602 N.W.2d 603, 606 (1999) (holding an appellate court may take judicial notice of the AAA medical malpractice rules, where the arbitration agreement stated it would be governed by them); *see also Jones v. Anderson Cotton Mills*, 205 S.C. 247, 254, 31 S.E.2d 447, 449 (1944) (holding the supreme court will take judicial notice of the existence and content of a rule adopted by the Industrial Commission); *Porter v. South Carolina Pub. Serv. Comm'n*, 327 S.C. 220, 223, 489 S.E.2d 467, 469 (1997) (holding the supreme court will take judicial notice of South Carolina statutes).

4. Contractor also argues the circuit court erred by denying Contractor's motion to vacate the arbitration award because: 1) Subcontractor was required to file a motion to compel arbitration prior to proceeding with the arbitration in its absence; 2) the arbitration award was obtained through undue means; 3) the arbitration award was rendered by a partial arbitrator; and 4) the arbitrator refused to postpone the proceedings for good cause resulting in prejudice to Contractor. However, these issues were not ruled on by the circuit court. Furthermore, Contractor did not raise these issues in a post-trial motion. Therefore, these issues are not preserved for appellate review. *See Wilder Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) ("It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial judge to be preserved for appellate review.")

action for breach of contract accompanied by a fraudulent act and negligence were barred by principles of res judicata. We disagree.

## A. Scope of the Arbitration Agreement

■ As a threshold matter, Contractor contends its causes of action for breach of contract accompanied by a fraudulent act and negligence are not within the scope of the arbitration agreement, and thus, the arbitration award cannot bar the claims.[5]

■■ South Carolina law favors arbitration of disputes. *Tritech Elec., Inc. v. Frank M. Hall & Co.*, 343 S.C. 396, 399, 540 S.E.2d 864, 865 (Ct.App.2000). Arbitration is a matter of contract, and the range of issues that can be arbitrated is restricted by the terms of the agreement. *Simmons*, 283 S.C. at 332–33, 322 S.E.2d at 470.

■ "To decide whether an arbitration agreement encompasses a dispute, a court must determine whether the factual allegations underlying the claim are within the scope of the broad arbitration clause.... [U]nless the court can say with positive assurance the arbitration clause ... [does] not cover[] the dispute, arbitration should be ordered." *South Carolina Pub. Serv. Auth. v. Great W. Coal (Kentucky), Inc.*, 312 S.C. 559, 563, 437 S.E.2d 22, 25 (1993).

The arbitration agreement states, "ANY MATTER CONCERNING THE WITHIN SUB-CONTRACTOR AGREEMENT AND OR ANY WORK PERFORMED" will be subject to arbitration. (emphasis as in original).

The parties' agreement provided Subcontractor would perform masonry work for Contractor's homebuilding project. Contractor's causes of action for breach of contract accompanied by a fraudulent act and negligence essentially allege

---

**5.** Contractor's Summons and Complaint stated causes of action for breach of contract, breach of contract accompanied by a fraudulent act, breach of warranty, and negligence. The circuit court dismissed all of Contractor's claims, ruling the causes of action were barred by res judicata. Contractor has only appealed the dismissal of its causes of action for breach of contract accompanied by a fraudulent act and negligence. Therefore, the dismissal of Contractor's other causes of action are not before us on appeal.

Subcontractor defectively installed the masonry work on a residential homebuilding project.[6] These claims are matters concerning the agreement or the work performed. Therefore, the claims are within the scope of the arbitration agreement. *See Zabinski v. Bright Acres Assocs.*, 346 S.C. 580, 597–98, 553 S.E.2d 110, 119 (2001) (holding where the partnership agreement provided all claims arising from the partnership agreement were to be arbitrated, any torts related to the partnership agreement were also matters for arbitration); *Long v. Silver*, 248 F.3d 309, 316 (4th Cir.2001) (holding claims are within the scope of the arbitration clause if a "significant relationship" exists between the asserted claims and the contract in which the arbitration clause is contained).

## B. The Doctrine of Res Judiciata

▮ Contractor next argues the circuit court erred by ruling res judicata bars his claims for breach of contract accompanied by a fraudulent act and negligence. We disagree.

▮ "Under the doctrine of *res judicata*, '[a] litigant is barred from raising any issues which were adjudicated in the former suit and any issues which might have been raised in the former suit.'" *Plum Creek Dev. Co., Inc. v. City of Conway*, 334 S.C. 30, 34, 512 S.E.2d 106, 109 (1999) (quoting *Hilton Head Ctr. of South Carolina, Inc. v. Pub. Serv. Comm'n of South Carolina*, 294 S.C. 9, 11, 362 S.E.2d 176, 177 (1987)). "The doctrine requires three essential elements: (1)

---

6. Contractor's cause of action for breach of contract accompanied by a fraudulent act alleges:

 [Subcontractor] did commit an act of fraud by installing the brick veneer and other brick masonry products on a dwelling without adequate code required wall ties, by using and installing mortar mix which was mixed incorrectly, with the wrong material ratios, this creating a defective, substandard, non-structural 'soft mortar,' not suitable for the veneer application, and not in accordance with standards of the industry or structurally safe and per manufacturer's recommendations, by omitting the 'air space' between house wall and brick veneer, by omitting flashing above doors/windows as well as intentional defective sub-standard brick veneer construction and installation process while concealing the same from the Plaintiff.

 Contractors' cause of action for negligence alleges "[Subcontractor] . . . w[as] negligent and reckless in the construction of the masonry product and the use of defective masonry process."

the judgment must be final, valid and on the merits; (2) the parties in the subsequent action must be identical to those in the first; and (3) the second action must involve matter properly included in the first action." *Town of Sullivan's Island v. Felger*, 318 S.C. 340, 344, 457 S.E.2d 626, 628 (Ct.App.1995).

 Intially, we note, an arbitration award is a final, binding award on the merits. *See Pittman Mortg. Co. v. Edwards*, 327 S.C. 72, 76, 488 S.E.2d 335, 337 (1997) ("Generally, an arbitration award is conclusive and courts will refuse to review the merits of an award."); *Trident Technical Coll. v. Lucas & Stubbs, Ltd.*, 286 S.C. 98, 111, 333 S.E.2d 781, 788–89 (1985) (holding an arbitration award is meant to signify the end, not the commencement, of litigation; thus, arbitration awards are presumptively correct). Furthermore, it is uncontested the parties in the first arbitration proceeding are the same parties in this litigation. Thus, we need only determine if the causes of action for breach of contract accompanied by a fraudulent act and negligence involved matter properly included in the first action.

Contractor, by its own admission, began discovering defects in the brick work in the fall of 2000. It was subsequently served process of the arbitration proceedings over the course of several months beginning in December of 2000, and the arbitration award was granted in April 2001. Contractor did not participate in the proceedings, and thus, it did not present any of its claims to the arbitrators.

Contractor's failure to participate in the proceedings did not preclude its claims from being submitted to the arbitration proceeding. Rather, pursuant to the contract, all claims arising from the agreement were to be submitted to arbitration. *see District of Columbia v. Bailey*, 171 U.S. 161, 171, 18 S.Ct. 868, 43 L.Ed. 118 (1898) (holding a submission is an agreement between two or more parties to refer a dispute to a third party and be bound by the third parties' decision); *H.S. Cramer & Co. v. Washburn–Wilson Seed Co.*, 68 Idaho 416, 195 P.2d 346, 349 (1948); 4 Am.Jur.2d *Alternative Dispute Resolution* § 85 (1995) (stating a matter is submitted to arbitration when "two or more parties agree to settle their respective legal rights and duties by referring the disputed

matters to a third party . . ."); *Id.* § 88 (holding an agreement to arbitrate all issues arising from a contract submits all issues within the scope of the contract to the arbitrators).

As previously noted, Contractor's claims arose from the Subcontractor agreement, and thus, its claims were within the scope of arbitration. Therefore, when the arbitration proceedings began, all claims arising from the contract were submitted to the arbitration proceeding, and, as with civil litigation, Contractor was procedurally required to arbitrate all claims arising therefrom or be barred by res judicata. *See* 4 Am. Jur.2d *Alternative Dispute Resolution* § 214 (1995) ("The award of the arbitrators acting within the scope of their authority determines the rights of the parties as effectually as a judgment secured by regular legal procedure. . . . *[Thus,] [i]f otherwise sufficient, an arbitration award is conclusive and binding . . . as to all matters submitted to the arbitrators, even though one of the parties neglects to present portions of his claim.*") (emphasis added); *see Rodgers Builders, Inc. v. McQueen,* 76 N.C.App. 16, 331 S.E.2d 726, 730 (1985) (holding res judicata applies to bar arbitration of claims actually arbitrated, as well as claims that could have been arbitrated in the prior proceeding); *Lee L. Saad Construc. Co. v. DPF Architects, P.C.,* 851 So.2d 507, 517–18 (Ala.2002) (holding an arbitrator's award is res judicata as to a subsequent claim if the original claim was within the scope of the arbitration agreement and all of the other elements of res judicata are met); *Springs Cotton Mills v. Buster Boy Suit Co.,* 275 A.D. 196, 199–200, 88 N.Y.S.2d 295 (N.Y.App.Div.1949) (holding an arbitrator's award is res judicata as to all matters reasonably submitted, and thus, where one party does not participate in the arbitration proceedings, its claims, if they otherwise meet the elements of res judicata, will be barred); *Hurley v. Fox,* 587 So.2d 1 (La.Ct.App.1991).

Notwithstanding the traditional res judicata analysis, Contractor argues, in an arbitration setting, res judicata only bars claims that were actually arbitrated, not claims that merely could have been arbitrated. In that regard, Contractor predicates its contention on *Renaissance Enterprises, Inc. v. Ocean Resorts, Inc.,* 330 S.C. 13, 496 S.E.2d 858 (1998).

In *Renaissance,* our Supreme Court stated in a footnote:

Res judicata can only apply to those matters included within the submission agreement. *4 Am.Jur.2d Alternative Dispute Resolution § 214 (1995)* (arbitrator is limited to decide only those issues submitted by the parties and res judicata may bar only issues submitted). The issue of ... [plaintiff's] right to future fees was not submitted for arbitration in the prior proceeding. Therefore, ... [plaintiff] is not precluded from raising this issue once it becomes entitled to the fees....

*Id.* at 17, 496 S.E.2d at 860. Contractor contends this passage establishes that res judicata only applies to issues actually litigated in an arbitration proceeding and not to issues that could have been litigated. We do not read *Renaissance* so broadly.

In *Renaissance*, the plaintiff arbitrated its disputes against the defendant for breaches of the contract that occurred prior to the arbitration. The arbitrator then issued an award encompassing the breaches occurring prior to the arbitration but did not rule the contract was rescinded. Subsequently, the plaintiff brought another action against Defendant to recover damages for the breaches of contract occurring after the original arbitration award. In response, the Defendant moved for summary judgment, claiming res judicata barred the action because the prior arbitration award terminated the contract. The circuit court dismissed the action, ruling the arbitration award terminated the contract.

On appeal, this Court reversed and remanded, ruling further inquiry into the facts and circumstances surrounding the arbitration award was necessary to clarify the application of the law, and thus, summary judgment was inappropriate. On writ of certiorari, our supreme court vacated this Court, ruling the issue was not properly preserved at the trial level.

Reading *Renaissance* as a whole, we believe the supreme court's footnote merely reflected that the plaintiff could not have been required to submit issues, or arbitrate breaches of contract, that had not yet occurred. In the present case, Contractor's claims existed at the time of the original arbitration and thus could have been arbitrated in the original proceeding. Consequently, *Renaissance* is inapposite.

## CONCLUSION

For the foregoing reasons, the decision of the circuit court is **AFFIRMED AS MODIFIED.**

STILWELL and KITTREDGE, JJ., concur.