**ELDECO, INC., Plaintiff,**

v.

**SKANSKA USA BUILDING, INC. f/k/a/ Beers Skanka, Inc., American Home Assurance Co., Federal Insurance Co., Defendants.**

**No. 2:05–2329–PMD.**

United States District Court, D. South Carolina.

Dec. 8, 2005.

Frank M. Cisa, MT Pleasant, SC, for Plaintiff.

Ryan Earhart, Nelson Mullins Riley and Scarborough, Hugh Willcox Buyck, Buyck Law Firm, Russell Britton Kelly, Rosen Rosen and Hagood, Charleston, SC, Christopher J. Blake, Nelson Mullins Riley and Scarborough, Raleigh, NC, for Defendants.

## ORDER

DUFFY, District Judge.

This motion is before the court on Defendants Skanska USA Building, Inc. ("Skanska"), American Home Assurance Company ("AHA"), and Federal Insurance Company's ("Federal") motion for summary judgment. Defendants claim that, under the doctrine of *res judicata*, a final judgment in a state court case between Plaintiff and Skanska ("*Eldeco I*") bars the instant action. Plaintiff Eldeco, Inc. ("Eldeco") has timely objected to this motion. The court can only grant summary judgment if "the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." *Teamsters Joint Council No. 83 v. Centra, Inc.*, 947 F.2d 115, 119 (4th Cir.1991); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

## BACKGROUND

Skanska served as the general contractor for the construction of the Wando High School in Mount Pleasant, SC (the "Project"). The Charleston County School District was the owner of the Project. Eldeco entered into a subcontract (the "Subcontract") with Skanska to perform electrical work on the Project. Construction on the Project began in December of 2001 and was completed in the Summer of 2004.

Eldeco filed its first lawsuit against Skanska ("*Eldeco I*") on November 12, 2002, naming as defendants Skanska, CCSC, and Mount Pleasant Mechanical, Inc. In April of 2003, Eldeco amended its complaint to allege a claim against Skanska for breach of the Subcontract and unfair and deceptive trade practices. Eldeco alleged that Skanska breached the Subcontract by wrongfully awarding a change work order to Mt. Pleasant Mechanical Inc. rather than to Eldeco, thereby entitling Eldeco to an award of lost profits.

In December of 2003, Eldeco sent a letter to Skanska cataloging the damages they would be requesting in the upcoming trial. The letter notes that "the above amount does not include costs associated with loss of productivity, delays, disruptions, inefficiencies, hostile work environment, etc. that were a direct result of the inappropriate actions taken by the Defendants of our claim. As the project is nearing completion we are currently in the process of addressing and compiling the above subject costs and they will be incorporated into and become part of our claim." On February 7, 2005, Eldeco informed Skanska that the amount due to it was $181,203.47. On February 22, Skanska submitted a check for $89,834.54 in final payment of its obligation to Eldeco. Eldeco formally rejected this offer of payment as payment in full on March 1st.

A trial in *Eldeco I* took place in April of 2005. Eldeco presented evidence only of its breach of the Subcontract claim, seeking lost profits for alleged change order work that was not awarded to Eldeco. Despite its threat to sue regarding lost profits in relation to the delay in completion, Eldeco did not amend its complaint to include this new claim. Judge Nicholson found that Skanska had not breached the Subcontract by assigning the change work order to another subcontractor and that Eldeco was not entitled to any damages. Final judgment as to *Eldeco I* was entered in favor of Skanska on April 29, 2005.

Eldeco filed the present action on July 6, 2005 in the Circuit Court for Charleston

County, South Carolina. Eldeco named Skanska, Federal and AHA as defendants. Federal and AHA were Skanska's sureties on the Project. In this action, Eldeco seeks $295,668.92, representing Eldeco's contract balance, as well as $181,203.47, as damages arising from Skanska's failure to complete the Project by the scheduled completion date.[1]

Skanska now claims that the present action is barred under the doctrine of *res judicata* because Eldeco should have brought these claims in *Eldeco I*.

### DISCUSSION

■ It is well settled under South Carolina law that the doctrine of *res judicata* requires three essential elements: "(1) the judgment must be final, valid and on the merits; (2) the parties in the subsequent action must be identical to those in the first; and (3) the second action must involve matter properly included in the first action." *Palmetto Homes, Inc. v. Bradley*, 357 S.C. 485, 593 S.E.2d 480, 485 (2004); *Town of Sullivan's Island v. Felger*, 318 S.C. 340, 457 S.E.2d 626, 628 (1995). "Under the doctrine of *res judicata*, '[a] litigant is barred from raising any issues which were adjudicated in the former suit and any issues which might have been raised in the former suit.'" *Plum Creek Dev. Co., Inc. v. City of Conway*, 334 S.C. 30, 512 S.E.2d 106, 109 (1999) (quoting *Hilton Head Ctr. of South Carolina, Inc. v. Pub. Serv. Comm'n of South Carolina*, 294 S.C. 9, 362 S.E.2d 176, 177 (1977)).

■ In this case, the court agrees with Defendants that the first and second elements are established. The judgment in *Eldeco I* was a final, valid judgment on the merits. On April 29, 2005, Judge Nichol-

son entered an "Order of Final Judgment In Favor Of Skanska USA Building, Inc.", ruling that, as a matter of law, Skanska had not breached the Subcontract when it awarded the change work order to Mt. Pleasant Mechanical Inc. rather than to Eldeco. Also, the parties are identical as between *Eldeco I* and the instant case. Eldeco and Skanska are the parties in interest in both cases. The addition of Federal and AHA as defendants in the present action has no impact on party identity, as sureties stand in the principal's shoes. Thus, a defense of *res judicata*, to the extent available to Skanska, is also available to Federal and AHA. *Blumenthal–Kahn Elec. Ltd. v. Amer. Home Assurance Co.*, 236 F.Supp.2d 575, 578 (E.D.Va.2002); *South Carolina Highway Dep't v. Ft. Fetterman*, 148 F.Supp. 620, 624 (D.S.C.1956).

■ The court finds, however, that the subject matter element of *res judicata* has not been established. While Defendants acknowledge that the issues of this case were not decided in *Eldeco I*, they argue that, because both cases involve alleged breaches of the same subcontract, this matter should still be barred because it is an "issue which might have been raised in the former suit." *Plum Creek Dev. Co., Inc. v. City of Conway*, 334 S.C. 30, 512 S.E.2d 106, 109 (1999). As noted by Professor Flanagan, South Carolina courts use various tests in determining whether a claim should have been raised in a prior suit: "(1) when there is identity of the subject matter in both cases; (2) where the cases involve the same primary right held by the plaintiff and one primary wrong committed by the defendant; (3) when there is the same evidence in both

---

1. The construction schedule marked the Project for completion on January 16, 2004; the Project was not deemed to be substantially completed until April 27, 2004. Due to the four month delay, Eldeco claims to have accrued the additional $181, 203.47 in extended field and labor costs.

cases; and recently (4) when the claims arise out of the same transaction or occurrence." *Plum Creek Development Co., Inc. v. City of Conway,* 334 S.C. 30, 512 S.E.2d 106, 109 (1999) (citing *South Carolina Civil Procedure,* pp. 649–50). Under any of these tests, Eldeco did not have to bring the present action with *Eldeco I. Eldeco I's* claim—lost profits for failing to award change work order to Eldeco—is distinct and separate from the present claim for damages arising from Skanska's failure to pay the contract balance or to complete the Project on the scheduled completion date.[2] *See Griggs v. Griggs,* 214 S.C. 177, 51 S.E.2d 622 (1949) (holding that *res judicata* did not bar the defendant from pleading adverse possession where different facts were needed to support the first action than the subsequent action). The facts and evidence needed to prove these claims are different. In *Eldeco I,* in order to determine whether Eldeco was entitled to damages, the court interpreted the rights and obligations of the parties as to change work orders under the terms of the Subcontract. In the instant case, Eldeco alleges that it is entitled to the balance due at completion of work, as well as damages relating to Skanska's failure to complete the Project on schedule. The court must therefore consider an entirely different set of facts and evidence to decide the instant case. South Carolina courts have held that "[i]f the same facts or evidence would sustain both, the two actions are considered the same within the rule that the judgment in the former is a bar to the subsequent action. If, however, the two actions rest upon different states of facts, or if different proofs would be required to sustain the two actions a judgment in one is no bar to the maintenance of the other." *Griggs v. Griggs,* 214 S.C. 177, 51 S.E.2d 622, 626 (1949) (quoting 30 Am.Jur. § 174 at 174).

Defendants argue that Plaintiff *could* have attached the present case to *Eldeco I,* and therefore, in the name of judicial economy, the instant case should be barred. The purposes of *res judicata*—bringing an end to litigation, avoiding unnecessary judicial waste, and preventing a defendant from being forced to defend the same action repeatedly—are not met by applying the rule in this case. *Garris v. Governing Bd. of South Carolina Reinsurance Facility,* 333 S.C. 432, 511 S.E.2d 48,57–58 (1998). The two cases, involving different claims of right and different factual basis, are not so similar that allowing the present case would be wastefully duplicative.

While both *Eldeco I* and the present case allege breaches of terms of the Subcontract, the facts and evidence needed to prove these alleged breaches is different. The court therefore finds that the subject matter of these two cases is distinct. As such, the final judgment in the previous case is no bar to the present action.

### *CONCLUSION*

It is, therefore,

**ORDERED,** for the foregoing reasons, that Defendants' Motion for Summary Judgment is **DENIED.**

**AND IT IS SO ORDERED.**

---

2. The court notes that when *Eldeco I* was originally filed in 2002, the Project was still two years from completion. As such, the present claim did not then exist.