**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

J. Daniel Mahoney, Respondent,

v.

The Muhler Company, Inc., and Henry Hay III, in his individual capacity, Appellants.

Appellate Case No. 2020-000925

Appeal From Charleston County
Bentley Price, Circuit Court Judge

Unpublished Opinion No. 2022-UP-291
Submitted June 1, 2022 – Filed July 6, 2022

**AFFIRMED**

Jaan Gunnar Rannik, of Epting & Rannik, LLC, of Charleston, for Appellants.

Clayton B. McCullough, of McCullough Khan, LLC, of Mt. Pleasant, for Respondent.

**PER CURIAM:** The Muhler Company, Inc. and Henry M. Hay, III (collectively, Muhler), appeal an order of the circuit court denying a motion to confirm an arbitration award. On appeal, Muhler argues (1) the circuit court erred in denying a timely motion to confirm an arbitration award when no motion to vacate, modify,

or correct the award was filed within ninety days of its entry; and (2) the use of two separate lawyers by a party in separate lawsuits does not preclude the legal holdings in the first suit from being binding in the second, when both suits are between the same parties and stem from the same facts and circumstances. We affirm.

Mahoney, a minority stockholder in Muhler, served as the company's Chief Executive Officer until his termination on September 18, 2018. Mahoney filed two lawsuits relating to the termination: an employment claim seeking compensation under the South Carolina Payment of Wages Act (the employment case) and this case, which raises claims related to his status as a minority shareholder in the company (the shareholder case). Muhler filed motions to compel arbitration in each case, both of which were granted. The employment case proceeded to arbitration in December 2019, and the panel entered an award in Muhler's favor finding, among other things, the stockholder agreement between Mahoney and Muhler was unenforceable. Muhler moved for confirmation of the award in the employment case, which the circuit court granted. Muhler then sought confirmation of the employment case award in this shareholder case, asserting it was res judicata as to the validity and enforceability of the stockholder agreement.

We hold the circuit court did not err in denying the motion to confirm the employment case arbitration award in this case because this case had been submitted to arbitration, and therefore, the circuit court lacked jurisdiction. *See Nix v. Columbia Staffing, Inc.*, 322 S.C. 277, 280, 471 S.E.2d 718, 719 (Ct. App. 1996) (stating a "lack of subject matter jurisdiction can be raised at any time, can be raised for the first time on appeal, and can be raised *sua sponte* by the court"); *Main Corp. v. Black*, 357 S.C. 179, 181, 592 S.E.2d 300, 301-02 (2004) (stating that once the circuit court orders arbitration, it is "divested of jurisdiction over the case"). Further, we find a motion to confirm an arbitration award entered in a different case is insufficient to re-confer jurisdiction. *See Main Corp.* at 181, 592 S.E.2d at 302 ("[T]he case has not reentered the judicial system until the parties choose to have the [arbitration] award ruled upon in some way by the circuit court."); *Henderson v. Summerville Ford-Mercury Inc.*, 405 S.C. 440, 452, 748 S.E.2d 221, 227 (2013) ("Confirmation is not a separate judicial process; it is merely a continuation of the arbitration procedure."); *Kennedy v. Empire State Underwriters of Watertown, N.Y.*, 202 S.C. 38, 38, 24 S.E.2d 78, 79 (1943) (stating that unless cases are consolidated, "each case retains its distinctive characteristics and remains separate in respect of docket entries, . . . verdicts, findings, judgments, proceeding to obtain an appellate review, and all other matters"). However, Muhler is not precluded from asserting a res judicata defense in the

arbitration of this case. *See Palmetto Homes, Inc. v. Bradley*, 357 S.C. 485, 494-95, 593 S.E.2d 480, 485 (Ct. App. 2004) (explaining the doctrine of res judicata may operate to bar claims previously arbitrated or subject to arbitration from being reasserted in a subsequent lawsuit); S.C. Code Ann. § 15-48-180 (2005) ("[W]hen a dispute is submitted to arbitration, the arbitrators shall determine questions of both law and fact.").

**AFFIRMED.**[1]

**WILLIAMS, C.J., and KONDUROS and VINSON, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.