1935

RENAISSANCE ENTERPRISES, INC., A South Carolina Corporation, Appellant v. OCEAN RESORTS, INC., A South Carolina Corporation, Respondent.

(426 S.E. (2d) 821)

Court of Appeals

*William Paul Young*, North Myrtle Beach, *for appellant.*

*John M. Leiter*, Myrtle Beach, *for respondent.*

Heard Nov. 12, 1992.

Decided Dec. 29, 1992.

SHAW, Judge:

Appellant, Renaissance Enterprises, Inc. brought an action against respondent, Ocean Resorts, Inc., in circuit court alleging breach of contract. The parties agreed to dismiss the action without prejudice and to refer the matter to arbitration under the provisions of the Uniform Arbitration Act, S.C. Code Ann. §§ 15-48-10 (Supp. 1991) *et seq.* Renaissance filed a demand for arbitration to which Ocean Resorts responded with a general denial and the assertion of affirmative defenses and counterclaims. Following an arbitration award to Renaissance in the amount of $69,566.73, Renaissance moved for vacation and remand of the award or, in the alternative, for modification and correction of the award pursuant to §§ 15-48-130 and 15-48-140 of the South Carolina Code of Laws. The circuit court denied these motions and Renaissance's subsequent motion to amend under Rule 59(e), SCRCP. Renaissance appeals. We affirm.

## FACTS

The parties entered into a contract dated January 4, 1984 and an amended contract dated January 6, 1984. The contracts provided that Renaissance, a travel agent, would refer guests to Ocean Resorts, an owner/manager of certain resort property, and Ocean Resorts would pay Renaissance a broker's fee of 10% of total room, including food and beverages, charged to guests referred by Renaissance. The fees were to be paid by the 15th of the month following departure with interest on monies due to accrue at the rate of 1.5% per month compounded monthly. The parties mutually agreed not to compete with each other in the solicitation of guests and the contracts further provided for Renaissance to represent Ocean Resorts as its exclusive agent for military contract quarters in return for a "negotiated net rate fee." Prominently stamped on each page of the contracts was the following notation: "This con-

tract is subject to arbitration pursuant to uniform arbitration act chapter 48, section 15-48-10 S.C. Code."

## ARBITRATION AWARD

In its demand for arbitration, Renaissance sought approximately $100,000 for nonpayment of commissions and $748,682 for loss of military profits alleging breach of these provisions under the contracts. Ocean Resorts responded denying any violation of the contractual provisions, and asserted affirmative defenses of prior termination of the contracts, the unenforceability of the contracts due to failure of consideration and breach of the contract by Renaissance in failing to perform its duties and act in good faith under the contract. Ocean Resorts further counterclaimed seeking undetermined damages for Renaissance's breach.

The arbitrators held as follows:

> [Renaissance] is entitled to the sum of $51,770.40 plus interest in the amount of $17,796.33. Accordingly, [Ocean Resorts] shall pay [Renaissance] the sum of ... $69,566.73.

> \* \* \* \* \*

> The counterclaim of [Ocean Resorts] is hereby denied.

> \* \* \* \* \*

> This AWARD is in full settlement of all claims and counterclaims submitted to this arbitration.

## MOTIONS TO VACATE OR MODIFY

Renaissance moved before the circuit court to vacate and remand for rearbitration or alternatively, to modify or correct the award pursuant to § 15-48-130 and 15-48-140 on the grounds the arbitrators failed to address both issues raised in the demand and therefore "so imperfectly executed their powers ... that the award lacked mutuality, finality and definiteness." Renaissance contended the contracts provided for interest on commissions due but that the military quarters provision included no interest and, therefore, the award of $51,770.40 plus interest of $17,796.33 referred only to the commissions and the arbitrators failed to consider the issue of the military quarters profits, thereby exceeding their powers by not exercising them. The circuit court, following a hearing on the matter, denied the motions to vacate or modify concluding

Renaissance failed to show any evidence to support a motion to vacate under S.C. Code Ann. § 15-48-130 (Supp. 1991) or a motion to modify under S.C. Code Ann. § 15-48-140 (Supp. 1991). The court further denied Renaissance's subsequent motion under Rule 59(e), SCRCP.

## LAW

S.C. Code Ann. § 15-48-130 (Supp. 1991) provides in pertinent part:

> (a) Upon application of a party, the court shall vacate an award where:
>
> (1) The award was procured by corruption, fraud or other undue means;
>
> (2) There was evident partiality by an arbitrator appointed as a neutral or corruption in any of the arbitrators or misconduct prejudicing the rights of any party;
>
> (3) The arbitrators exceeded their powers;
>
> (4) The arbitrators refused to postpone the hearing upon sufficient cause being shown therefor or refused to hear evidence material to the controversy or otherwise so conducted the hearing, contrary to the provisions of 15-48-50, as to prejudice substantially the rights of a party; or
>
> (5) There was no arbitration agreement and the issue was not adversely determined in proceedings under § 15-48-20 and the party did not participate in the arbitration hearing without raising the objection; . . .

S.C.Code Ann. § 15-48-140 (Supp. 1991) provides in pertinent part:

> (a) Upon application made within ninety days after delivery of a copy of the award to the applicant, the court shall modify or correct the award where:
>
> (1) There was an evidence [sic] miscalculation of figures or an evident mistake in the description of any person, thing or property referred to in the award;
>
> (2) The arbitrators have awarded upon a matter not submitted to them and the award may be corrected without affecting the merits of the decision upon the issues submitted; or
>
> (3) The award is imperfect in a matter of form, not affecting the merits of the controversy.

Renaissance does not cite any specific provision of § 15-48-130 that entitled it to have the award vacated. It appears from Renaissance's argument that it contends, aside from the statutory provisions, South Carolina common law allows an award to be vacated where failure to decide an issue causes the award to lack mutuality, finality and definiteness. Renaissance further contends under § 15-48-140, the award should have been modified as there was a miscalculation of figures since the award did not include any amount for breach of the military quarters provision.

We need not decide whether there is a nonstatutory provision which allows the award to be vacated. Nor do we need to decide whether the arbitrators exceeded their powers by failing to consider an issue as we find no evidence that the arbitrators failed to consider the alleged breach of the military quarters provision. The arbitrators merely awarded a sum without discussion of how they arrived at that sum. They noted that the counterclaim of Ocean Resorts was denied, but made no indication on the validity of Ocean Resorts' general denial or affirmative defenses. Quite logically, the award can be interpreted as taking into consideration both of Renaissance's allegations of breach of contract and Ocean Resort's defenses to the alleged breaches. The arbitrators may well have found Renaissance proved the nonpayment of commissions but failed in its proof on the military quarters provision. Further, they may have found Ocean Resorts' affirmative defenses on that issue to be valid. This theory is buttressed by the specific notation in the award that it was "in full settlement of *all* claims and counterclaims submitted." (Emphasis added.)

It is well settled that arbitrators need not specify their reasoning or the basis of the award so long as the factual inferences and legal conclusions supporting the award are "barely colorable" and if a ground for the award can be inferred from the facts, the award should be confirmed. *Batten v. Howell*, 300 S.C. 545, 389 S.E. (2d) 170 (Ct. App. 1990). There clearly being an arguable ground for the award, we hold the order below should be affirmed.

Affirmed.

CURETON and GOOLSBY, JJ., concur.