2458

Jack MILLS, John R. Parker, and Parker Lincoln-Mercury, Inc., Respondents v. WILLIAM CLARKE JEEP EAGLE, INC., William Clarke Motors, Inc., and William Clarke Hyman, Appellants. Harold J. MICHAELIS (by assignment, now Allen-White Company), Respondent v. John R. PARKER, Jack M. Mills, and William Clarke Jeep Eagle, Inc., Appellants.

(467 S.E. (2d) 268)

Court of Appeals

*Paul E. Tinkler,* of *Wallace & Tinkler,* Charleston; and *Palmer Freeman, Jr.,* of *Sinkler & Boyd,* Columbia, *for appellants.*

*T. Alexander Beard* and *Edward P. Guerard, Jr.,* Charleston, *for respondents.*

Heard Dec. 6, 1995.

Decided Feb. 5, 1996.

HOWELL, Chief Judge:

This is a case in which the parties submitted all claims and disputes arising out of the sale and purchase of a Charleston automobile dealership to binding arbitration.[1] The arbitrators

---

[1] The arbitration submission form stated the parties agreed to binding arbitration and would abide by and perform any award rendered and "a judgment may be entered on the award."

issued an award to the plaintiffs, Jack Mills, John R. Parker, and Parker Lincoln-Mercury, Inc. (Mills) on June 9, 1994, in full settlement of all claims. Mills filed a motion in circuit court on June 14, 1994, to confirm the award. On june 27, 1994, the defendants, William Clarke Motors, Inc., et al. (Clarke) made a written request to the American Arbitration Association to clarify and modify the award. Mills objected to the request on the ground that, after the motion for confirmation was filed, the arbitrators could not modify or correct the award unless directed to do so by the court. On June 30, 1994, the court confirmed the arbitration award. By letter dated July 14, 1994, the American Arbitration Association closed its file stating it was without jurisdiction to take action after confirmation of the award by the court. Clarke filed an amended motion asking the court to reconsider its order of judgment. The court denied the motion. Clarke filed a subsequent motion for clarification and/or modification of the award. This motion was also denied. Clarke appeals the denial of both motions. We affirm.

I.

Clarke argues the circuit court erred in considering Mills' motion to confirm the award after Clarke filed the request to the arbitrators to modify or clarify the award. We disagree. S.C. Code Ann. Section 15-48-100 (Supp. 1994) provides:

> *[o]n application of a party or, if an application to the court is pending under §§ 15-48-120, 15-48-130, 15-48-140, on submission to the arbitrators by the court under such conditions as the court may order,* the arbitrators may modify or correct the award . . . (emphasis added).

II.

Clarke also argues the court erred in denying its motion to modify or correct the award under S.C. Code Ann. § 15-48-140(a)(3) (Supp. 1994). This section provides "[u]pon application made within ninety days after delivery of a copy of the award to the applicant, the court shall modify or correct the award where [t]he award is imperfect in a matter of form, not affecting the merits of the controversy." Clarke does not contest the finding of the arbitrators that

they owe $1,215,500 to Parker, the amount awarded. However, Clarke contends the judgment should be modified to provide a stated interest rate and payment terms as set forth in a promissory note tendered to the court appointed receiver because this was actually the agreement of the parties.

We find no error in the denial of the motion to modify the award. It is well settled that arbitrators need not specify their reasoning or the basis for the award as long as the factual inferences and legal conclusions supporting the award are "barely colorable." *Renaissance Enters., Inc. v. Ocean Resorts, Inc.*, 310 S.C. 395, 426 S.E. (2d) 821 (Ct. App. 1992). If grounds for the award can be inferred from the facts, the award should be confirmed. *Id.* The arbitrators held five days of hearings and their award stated "[t]he panel had before it and considered all matters arising out of the sale and purchase of a Charleston, South Carolina automobile dealership. . . ." Further, the award stated it was "in full settlement of all claims submitted to this arbitration." We agree with the circuit court which held there was not an evident miscalculation in the award, and the terms of the agreement, including interest rates, terms or repayment, and terms of default, were part of the controversy decided by the arbitrators. Also, the arbitration award on its face included an award for interest in addition to damages from the breach of contract and attorney fees. Furthermore, the agreement provided an acceleration clause which required payment in full plus interest. We find ample grounds for the award that can be inferred from these facts. Therefore, we find no error in the denial of the motion to modify the award. Accordingly, the order of the circuit court is

Affirmed.

CURETON and GOOLSBY, JJ., concur.