592 S.E.2d 300

MAIN CORPORATION and B.J. Johnson, Petitioners,

v.

J. Thomas BLACK, Ronnie M. Givens, George S. Maroska, C. Dennis McKittrick, Berlin G. Meyers, Jr., Thomas W. Myers, Sr., William D. Price, M.D., Rutherford P.C. Smith and Lloyd B. Williams, Jr., individually and as Partners in the Summerville Town Square Partnership, A South Carolina General Partnership, and the Summerville Town Square Partnership, a South Carolina General Partnership, Alexander's Station Limited Partnership, The Williams Co., Inc., General Partner & other unknown, Defendants,

Of Whom J. Thomas Black, Ronnie M. Givens, George S. Maroska, C. Dennis McKittrick, Berlin G. Meyers, Jr., Thomas W. Myers, Sr., William D. Price, M.D., Rutherford P.C. Smith and Lloyd B. Williams, Jr., individually and as Partners in the Summerville Town Square Partnership, A South Carolina General Partnership, and the Summerville Town Square Partnership, a South Carolina General Partnership, Alexander's Station Limited Partnership, The Williams Co., Inc., General Partner are, Respondents.

No. 25772.

Supreme Court of South Carolina.

Heard Dec. 3, 2003.

Decided Jan. 20, 2004.

James Earle Reeves, of Summerville, for Petitioners.

Mary L. Arnold, of Mt. Pleasant, for Respondents.

Justice PLEICONES:

We granted certiorari to determine whether the Court of Appeals properly dismissed an appeal from a binding arbitration order. We affirm as modified.

## FACTS

Petitioners brought suit against respondents to determine title to a strip of land located behind petitioners' property. The parties consented to an order issued by the trial judge referring the case to binding arbitration. In the order, the trial judge stated, among other things, that the parties consented to "any appeal of the arbitrator's finding to be directed to the South Carolina Court of Appeals, pursuant to the South Carolina Appellate Court Rules." [1] The arbitrator issued an award, and petitioners filed a motion to amend the arbitration award with the arbitrator, and the arbitrator denied the motion. No motion was filed with the circuit court.

Petitioners filed a notice of appeal of the arbitrator's ruling with the Court of Appeals. The Court of Appeals issued an order dismissing the appeal *ex mero motu* stating that "S.C.Code Ann. § 15–48–200 (Supp.2001) governs the appeala-

---

1. The trial judge did not state which Appellate Rule provides for such an appeal.

bility of orders respecting arbitration and specifically enumerates the orders which may be appealed ... The statute governing arbitration does not provide for an appeal to this court directly from the award of the arbitrator." The Court of Appeals dismissed the appeal without prejudice.

## ISSUE

Did the Court of Appeals err in dismissing an appeal of an arbitrator's order on the grounds that it lacked jurisdiction?

## ANALYSIS

The Court of Appeals did not err in dismissing the appeal of the arbitrator's order, as there was no court order that can be the subject of an appeal. In the case at hand, the parties consented to arbitration, and the trial judge ordered the case to be sent to an arbitrator. At that point, the circuit court was divested of jurisdiction over the case. *See Mills v. William Clarke Jeep Eagle, Inc.,* 321 S.C. 150, 152, 467 S.E.2d 268, 269 (Ct.App.1996)(Once a party files a motion to confirm an arbitration award with the circuit court, the circuit court *resumes jurisdiction* of the case)(emphasis supplied).

Under the Uniform Arbitration Act, a party may move the circuit court to confirm an award,[2] vacate an award,[3] or modify or correct an award.[4] Neither the petitioners nor the respondents have moved before the circuit court pursuant to any of these statutory provisions. Therefore, the circuit court has not *resumed* jurisdiction over the case. *Mills,* 467 S.E.2d at 269. In essence, the case has not reentered the judicial system until the parties choose to have the award ruled upon in some way by the circuit court.

South Carolina Code Ann. § 15–48–180 (Supp.2002) states that making an agreement providing for arbitration in South Carolina confers jurisdiction on the court to "enforce the agreement under this chapter and to enter judgment on an award thereunder." The only appeals that may be taken

2. S.C.Code Ann. § 15–48–120 (Supp.2002).

3. S.C.Code Ann. § 15–48–130 (Supp.2002).

4. S.C.Code Ann. § 15–48–140 (Supp.2002).

under the Uniform Arbitration Act are from orders issued by the circuit court pursuant to S.C.Code Ann. § 15–48–200 (Supp.2002). If the circuit court has not resumed jurisdiction and issued one of the orders enumerated in Section 15–48–200, there is no court order that can be the subject of an appeal. Since the circuit court did not resume jurisdiction over the case, the Court of Appeals cannot have jurisdiction over the case. S.C.Code Ann. § 14–8–200(a) (Supp.2002) (The Court of Appeals "shall have jurisdiction over any case in which an appeal is taken *from an order, judgment, or decree of the circuit or family court*") (emphasis supplied).

## *CONCLUSION*

The trial judge stated in his Consent Order to Arbitrate that any appeal of the arbitrator's findings be directed to the South Carolina Court of Appeals. Petitioners followed these directions, and filed the appeal with the South Carolina Court of Appeals, even though jurisdiction was not resumed by the circuit court. We affirm the dismissal of the appeal by the Court of Appeals. However, due to the exceptional circumstances in this case, we dismiss the case without prejudice to any party's right to take any action allowed by S.C.Code Ann. §§ 15–48–120, et. seq. (Supp.2002). The timing deadlines required under Sections 15–48–120, et. seq. were tolled during the period of this appeal.

**AFFIRMED AS MODIFIED.**

TOAL, C.J., MOORE, WALLER, BURNETT, JJ., concur.