709 S.E.2d 708

**Mark S. STEINMETZ, Respondent,**

v.

**AMERICAN MEDIA SERVICES, LLC, New Jersey Radio Partners, LLC, Arizona Radio Partners, LLC, Asheville Radio Partners, LLC, Tri–City Radio, LLC, Trans–Rockies Radio, LLC, and Hawaii Radio, LLC, Appellants.**

**No. 4829.**

Court of Appeals of South Carolina.

Heard Feb. 9, 2011.

Decided April 27, 2011.

Steven L. Smith and William Mark Koontz, both of North Charleston, for Appellants.

Justin O'Toole Lucey, of Mt. Pleasant, for Respondents.

LOCKEMY, J.

American Media Services, LLC, and several limited liability companies (collectively AMS) it created to upgrade radio stations appeal an arbitration award in favor of Mark S. Steinmetz. We dismiss AMS's appeal.

## FACTS/PROCEDURAL HISTORY

Steinmetz brought suit against his employer AMS and several transactional limited liability companies created by AMS to upgrade radio stations. Steinmetz claimed AMS breached his employment agreement, violated the South Carolina Payment of Wages Act[1] and converted his interests in the transactional LLCs. The parties consented to arbitration, and after a hearing, the arbitrator found in favor of Steinmetz

---

1. S.C.Code Ann. §§ 41–10–10 to –110 (Supp.2010).

on his claims for breach of contract and conversion. AMS filed a motion to reconsider, which was denied. AMS appealed the arbitrator's order denying its motion to reconsider to this court. Steinmetz cross-appealed "to preserve his [a]ppellate rights."

Nine months later, Steinmetz sought to confirm the arbitrator's award in circuit court. Steinmetz also filed a motion to stay the appellate proceedings, which this court granted. AMS declined to consent to confirmation because it was unsure how consent would affect its appeal. However, AMS also submitted it did not "have any legal basis to oppose" confirmation of the arbitrator's award. The circuit court entered final judgment in accordance with the arbitrator's order finding "no basis for the denial of the motion for confirmation[,] no motion to vacate or modify[,] and no showing of manifest disregard." Steinmetz withdrew his cross-appeal which was remitted to the circuit court.

Steinmetz filed a motion to dismiss AMS's appeal with this court, arguing AMS waived its appellate arguments by failing to appeal the circuit court's order confirming the arbitrator's award. AMS filed a return maintaining its appeal directly from the arbitrator's order denying its motion to reconsider was properly perfected and confirmation was a mere formality. This court denied the motion to dismiss and ordered the parties to brief the issue as the first issue on appeal. This appeal followed.

## LAW/ANALYSIS

█   Steinmetz argues this court lacks jurisdiction because AMS has not appealed an order of the circuit court enumerated in section 15–48–200(a) of the South Carolina Code (2005). We agree.

█   When a case is sent to arbitration, the circuit court is divested of jurisdiction over the case. *Main Corp. v. Black,* 357 S.C. 179, 181, 592 S.E.2d 300, 301–02 (2004). However, after the arbitrator issues an award, the circuit court has the authority to "enter judgment on [the] award." S.C.Code Ann. § 15–48–180 (2005). Thus, upon motion of either party to confirm, vacate, modify, or correct the arbitrator's award, the circuit court resumes jurisdiction over the case. S.C.Code

Ann. §§ 15–48–120, –130, –140 (2005); *Main Corp.*, 357 S.C. at 181, 592 S.E.2d at 302.

In an arbitration case, the only appeals that may be taken are from an order of the circuit court enumerated in section 15–48–200. *Main Corp.*, 357 S.C. at 181–82, 592 S.E.2d at 302. Section 15–48–200(a) enumerates the orders of the circuit that may be appealed in an arbitration case:

(1) An order denying an application to compel arbitration . . .;

(2) An order granting an application to stay arbitration . . .;

(3) An order confirming or denying confirmation of an award;

(4) An order modifying or correcting an award;

(5) An order vacating an award without directing a rehearing; or

(6) A judgment or decree entered pursuant to the provisions of [the Uniform Arbitration Act].

Here, AMS appealed the order of the arbitrator denying its motion to reconsider. Because AMS has not appealed the order of the circuit court confirming the arbitrator's award, this court lacks jurisdiction over AMS's appeal. *See* S.C.Code Ann. § 14–8–200(a) (Supp.2010) (providing this court with jurisdiction over only "order[s], judgment[s], or decree[s] of the circuit court, family court, a final decision of an agency, a final decision of an administrative law judge, or the final decision of the Workers' Compensation Commission"); *Main Corp.*, 357 S.C. at 181–82, 592 S.E.2d at 302.

AMS contends its appeal is properly perfected because *Main Corporation* is inapplicable after the circuit court resumed jurisdiction and issued the order confirming the arbitrator's award. AMS's argument overlooks the court's reasoning in *Main Corporation*. The basis of the court's holding in *Main Corporation* is that in arbitration cases, this court only has jurisdiction over appeals from orders of the circuit court enumerated in section 15–48–200. In other words, the type of order appealed from triggers this court's jurisdiction, not the fact that the circuit court has resumed jurisdiction and issued an order enumerated in section 15–48–200. *See Main Corp.*, 357 S.C. at 182, 592 S.E.2d at 302 ("If the circuit court has not

resumed jurisdiction and issued one of the orders enumerated in Section 15–48–200, there is no court order that can be the subject of an appeal."). The post-arbitration motions allowed by statute in circuit court are more than a mere formality; they provide the basis for a properly perfected appeal of an arbitration award to this court.

## CONCLUSION

For the foregoing reasons, AMS's appeal is DISMISSED.

WILLIAMS and GEATHERS, JJ., concur.