**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Lend Lease (US) Public Partnership LLC f/k/a Actus Lend Lease LLC, Respondent,

v.

Allsouth Electrical Contractors, Inc., Appellant.

Appellate Case No. 2013-002679

Appeal From Charleston County
Deadra L. Jefferson, Circuit Court Judge

Unpublished Opinion No. 2015-UP-164
Submitted February 1, 2015 – Filed March 25, 2015

**DISMISSED**

Walter Henry Bundy, Jr., and Michael Brent McDonald, both of Smith Bundy Bybee & Barnett, PC, of Mount Pleasant, for Appellant.

Edward James Coyne, III, of Williams Mullen, of Wilmington, NC, for Respondent.

**PER CURIAM:** Allsouth Electrical Contractors, Inc. (Allsouth) appeals the circuit court's order granting Lend Lease (US) Public Partnership LLC f/k/a Actus

Lend Lease LLC's (Lend Lease's) motion to stay and compel arbitration. On appeal, Allsouth argues the circuit court erred in (1) compelling arbitration when the parties did not contractually agree to arbitrate all of Lend Lease's claims, (2) ignoring the plain language of the contracts and finding all of Lend Lease's causes of action were for indemnification, and (3) ruling on the merits of the claim.

We dismiss this appeal because this court lacks jurisdiction over an appeal from an order granting a motion to stay and compel arbitration. *See Steinmetz v. Am. Media Servs., LLC*, 393 S.C. 72, 75, 709 S.E.2d 708, 710 (Ct. App. 2011) ("[I]n arbitration cases, this court only has jurisdiction over appeals from orders of the circuit court enumerated in section 15-48-200[(a) of the South Carolina Code (2005)]."). An order compelling arbitration is not appealable under section 15-48-200(a). *See Carolina Care Plan, Inc. v. United HealthCare Servs., Inc.*, 361 S.C. 544, 558, 606 S.E.2d 752, 759 (2004) ("Section 15-48-200[(a)] does not expressly permit an appeal from an order granting an application to compel arbitration or from an order to stay claims pending arbitration."). Thus, when the circuit court issued its order compelling arbitration, it was divested of jurisdiction over the case. *See Steinmetz*, 393 S.C. at 74, 709 S.E.2d at 709 ("When a case is sent to arbitration, the circuit court is divested of jurisdiction over the case."). Although the parties completed arbitration and the circuit court lifted the stay, the circuit court did not resume jurisdiction over the case because it did not issue an order to confirm, vacate, modify, or correct the arbitrator's award. *See id.* ("[U]pon motion of either party to confirm, vacate, modify, or correct the arbitrator's award, the circuit court resumes jurisdiction over the case."). Accordingly, because Allsouth did not appeal from an order enumerated in section 15-48-200(a), this court's jurisdiction has not been triggered and Allsouth's appeal has not been properly perfected. *See Main Corp. v. Black*, 357 S.C. 179, 182, 592 S.E.2d 300, 302 (2004) ("If the circuit court has not resumed jurisdiction and issued one of the orders enumerated in [s]ection 15-48-200[(a)], there is no court order that can be the subject of an appeal."); *Steinmetz*, 393 S.C. at 75, 709 S.E.2d at 710 ("[T]he type of order appealed from triggers this court's jurisdiction, not the fact that the circuit court has resumed jurisdiction and issued an order enumerated in section 15-48-200[(a)]."); *id.* at 76, 709 S.E.2d at 710 ("The post-arbitration motions allowed by statute in circuit court are more than a mere formality; they provide the basis for a properly perfected appeal of an arbitration award to this court."). Therefore, this appeal is dismissed.

**DISMISSED.**[1]

**FEW, C.J., and HUFF and WILLIAMS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.