The Honorable Robert E. Hood granted the defendants' motion to compel arbitration on certain claims and to stay the circuit court proceedings on the remaining claims in this matter. During discovery, the arbitrator appointed a special referee to review certain documents in camera to determine if they were discoverable. The special referee issued an order finding certain of the documents discoverable and requiring defendants to produce the documents to petitioner. Defendants appealed the special referee's order to the court of appeals. They also asked Judge Hood to lift the prior stay of the action in circuit court and to enjoin the arbitration proceedings while defendants' appeal from the special referee's order proceeded. The court of appeals dismissed the appeal from the special referee's order as interlocutory. We have denied defendants' request for a writ of certiorari to review the court of appeals' decision.
Petitioner now asks this Court to issue a writ of mandamus to compel Judge Hood to rescind and vacate the orders granting defendants' motion to lift the stay and staying the arbitration proceedings pending defendants' appeal of the special referee's order.
Petitioner has not shown he is entitled to a writ of mandamus in this matter as Judge Hood's decision was not a ministerial act. See **350 Willimon v. City of Greenville , 243 S.C. 82, 87, 132 S.E.2d 169, 171 (1963) (to obtain a writ of mandamus, the petitioner must show: (1) a duty of the respondent to perform an act; (2) the ministerial nature of the act; (3) the petitioner's specific legal right for which discharge of the duty is necessary; and (4) the lack of any other legal remedy). Accordingly, we deny the petition for a writ of mandamus.
However, because the case had been sent to arbitration, Judge Hood did not have jurisdiction to lift the stay and issue a preliminary injunction. See Main Corp. v. Black , 357 S.C. 179, 181, 592 S.E.2d 300, 301-02 (2004) (when a case is sent to arbitration, the circuit court is divested of jurisdiction over the case). Accordingly, Judge Hood's orders issued without jurisdiction are void and are hereby vacated. Ware v. Ware , 404 S.C. 1, 11, 743 S.E.2d 817, 822 (2013) (a judgment is void if a court acts without jurisdiction); Innovative Waste Mgmt. Inc. v. Crest Energy Partners GP, LLC , 423 S.C. 611, 615, 815 S.E.2d 780, 782 (Ct. App. 2018) (a court has no discretion to perpetuate a void judgment).
/s/ Donald W. Beatty C.J.
/s/ John W. Kittredge J.
/s/ Kaye G. Hearn J.
/s/ John Cannon Few J.
/s/ George C. James, Jr. J.