**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Earl D. Hewlette, Respondent.

v.

Paula Dezzutti Hewlette, Appellant.

Appellate Case No. 2022-001093

———————

Appeal From Berkeley County
Jack A. Landis, Family Court Judge

———————

Unpublished Opinion No. 2024-UP-411
Submitted November 1, 2024 – Filed December 4, 2024

———————

**AFFIRMED**

———————

Michael W. Sautter, of Query Sautter & Associates, LLC, and Alexander Woods Tesoriero, of The Law Office of Alexander Woods LLC, both of Charleston, for Appellant.

Jeremy E. Bowers, of Barnwell Whaley Patterson & Helms, LLC, of Charleston; and Mark O. Andrews, of Andrews Law Firm, LLC, of Mt. Pleasant, both for Respondent.

———————

**PER CURIAM:** Paula Dezzutti Hewlette (Wife) appeals the family court's orders denying her motion to vacate or modify the arbitration awards and her motion to reconsider. On appeal, Wife argues the family court erred in (1) denying Wife's motions, (2) failing to find the arbitration was a manifest disregard of the law, and (3) finding the family court had subject matter jurisdiction to award attorney's fees to Earl D. Hewlette (Husband). We affirm pursuant to Rule 220(b), SCACR.

1. We hold the family court did not err in finding Wife failed to show the arbitrator demonstrated evident bias because she did not present evidence from which a reasonable person would conclude the arbitrator was partial to Husband. *See Stone v. Thompson*, 428 S.C. 79, 91, 833 S.E.2d 266, 272 (2019) ("Appellate courts review family court matters de novo, with the exceptions of evidentiary and procedural rulings."); S.C. Code Ann. § 15-48-130(a)(2) (2005) (explaining an arbitration award shall be vacated where "[t]here was evident partiality by an arbitrator appointed as a neutral or corruption in any of the arbitrators or misconduct prejudicing the rights of any party"); *Crouch Const. Co. v. Causey*, 405 S.C. 155, 168, 747 S.E.2d 482, 489 (2013) ("[T]he approach that best comports with the language of section 15-48-130(a)(2) is that which requires the party seeking vacatur to 'demonstrate that a reasonable person would have to conclude that an arbitrator was partial to the other party to the arbitration.'" (quoting *ANR Coal Co. v. Cogentrix of North Carolina*, 173 F.3d 493, 500 (4th Cir. 1999) (internal quotation marks omitted))). Wife claimed that the arbitrator breached her duty to disclose because the arbitrator's firm was involved in valuing the stock of a company where Husband formerly worked; however, this allegation was merely speculative because Wife failed to show the arbitrator's individual involvement in that transaction. *See id.* at 169, 747 S.E.2d at 489 ("When considering each factor, the court should determine whether the asserted bias is 'direct, definite and capable of demonstration rather than remote, uncertain or speculative' and whether the facts are sufficient to indicate 'improper motives on the part of the arbitrator.'" (quoting *ANR Coal Co.*, 173 F.3d at 500)).

We further hold the family court did not err in making findings of fact or conclusions of law because it was required to do so under Rule 52 of the South Carolina Rules of Civil Procedure. *See Stone*, 428 S.C. at 91, 833 S.E.2d at 272 ("Appellate courts review family court matters de novo, with the exceptions of evidentiary and procedural rulings."); Rule 52, SCRCP ("In all actions tried upon the facts without a jury or with an advisory jury, the court shall find the facts specially and state separately its conclusions of law thereon, and judgment shall be entered pursuant to Rule 58 [of the South Carolina Rules of Civil Procedure]."). Additionally, the family court's findings were in response to the allegations in

Wife's motion, and constituted the foundation for the court's ultimate confirmation of the arbitration awards. *See Kosciusko v. Parham*, 428 S.C. 481, 501, 836 S.E.2d 362, 372 (Ct. App. 2019) ("[T]he family court may 1) modify or correct an award only under section 15-48-140; 2) vacate the award under section 15-48-130; or 3) vacate the award under the non-statutory ground of 'manifest disregard or perverse misconstruction of the law.'" (quoting *Swentor v. Swentor*, 336 S.C. 472, 485-86, 520 S.E.2d 330, 338 (Ct. App. 1999))); *Swentor*, 336 S.C. at 486, 520 S.E.2d at 338 ("Otherwise, the family court must confirm the arbitration award.").

2.  We hold the family court did not err in finding the arbitrator did not commit a manifest disregard of the law because the language used by the arbitrator did not prevent the family court from reviewing and ultimately confirming the arbitration awards, as it was permitted to do. *See Stone*, 428 S.C. at 91, 833 S.E.2d at 272 ("Appellate courts review family court matters de novo, with the exceptions of evidentiary and procedural rulings."); *Kosciusko*, 428 S.C. at 501, 836 S.E.2d at 372 ("[T]he family court may 1) modify or correct an award only under section 15-48-140; 2) vacate the award under section 15-48-130; or 3) vacate the award under the non-statutory ground of 'manifest disregard or perverse misconstruction of the law.'"  (quoting *Swentor*, 336 S.C. at 485-86, 520 S.E.2d at 338)).

3.  We hold the family court did not lack subject matter jurisdiction to grant Husband attorney's fees. *See Stone*, 428 S.C. at 91, 833 S.E.2d at 272 ("Appellate courts review family court matters de novo, with the exceptions of evidentiary and procedural rulings.").  Once Wife filed her motion to vacate or modify the arbitration awards, the family court resumed jurisdiction of the case and the ability to grant attorney's fees. *See Mills v. William Clarke Jeep Eagle, Inc.*, 321 S.C. 150, 152, 467 S.E.2d 268, 269 (Ct .App. 1996) (finding the circuit court resumed jurisdiction of the case after a party filed a motion to confirm); *Main Corp. v. Black*, 357 S.C. 179, 181, 592 S.E.2d 300, 302 (2004) (finding the circuit court did not resume jurisdiction because neither party moved to confirm, vacate, or modify the arbitration award); *Messer v. Messer*, 359 S.C. 614, 632, 598 S.E.2d 310, 320 (Ct. App. 2004) ("The family court is authorized by statute to award attorney[']s fees in conjunction with marital litigation."); S.C. Code Ann. § 63-3-530(A)(38) (2010) (explaining the family court has the exclusive jurisdiction to assess attorney's fees "for or against a party to an action brought in or subject to the jurisdiction of the family court").  Further, we hold the family court considered the requisite factors in awarding Husband attorney's fees. *See Messer*, 359 S.C. at 632-33, 598 S.E.2d at 320 ("In determining the amount of attorney[']s fees to award, the court should consider the nature, extent, and difficulty of the case, the time necessarily devoted to the case, counsel[']s professional standing, the

contingency of compensation, the beneficial results obtained, and the customary legal fees for similar services.").

**AFFIRMED.**[1]

**THOMAS, HEWITT, and VINSON, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.