HEARD APRIL TERM, 1876.

## LYLES *vs.* BOLLES.

An action will not lie against a Sheriff or his sureties for the negligence of the former in failing to take a bond from the defendant for the forthcoming of the chattel sued for in an action of trover under an order made under the Act of December, 1839, unless it appears that the plaintiff in the action of trover recovered a judgment against the defendant therein.

A judgment which is void for want of authority in the officer to pronounce it may be impeached collaterally by third parties whenever it comes in issue before the Court.

A Judge has no jurisdiction at chambers to make an order for judgment in an action of trover, even though he hears the case with the consent of the parties, and a judgment entered upon such order would be null and void.

Under a general denial in the answer of each and every allegation of the complaint, a nonsuit may be granted upon failure of the plaintiff to prove his case.

Under a general denial of the allegations of the complaint, the defendant may give in evidence anything which contradicts, or tends to contradict, the plaintiff's proof, or to disprove the case made by him, but he cannot give in evidence a distinct affirmative defense.

BEFORE CARPENTER, J., AT EDGEFIELD, JUNE TERM, 1874.

This was an action by M. W. Lyles against Isaac Bolles, late Sheriff of Edgefield County, and L. G. Holloway, John Trapp,

and others, sureties on his official bond, to recover damages for the alleged negligence of the said Isaac Bolles in failing to take a bond from one L. A. Tully in an action of trover which Lyles had brought against him.

The case was as follows:

The complaint alleged that. on March 18, 1868, M. W. Lyles, the plaintiff, commenced an action against one L. A. Tully for the conversion of certain chattels; that on the next day he procured from the Clerk of the Court, S. Harrison, the trover order usual in such cases; that the said Isaac Bolles was at that time Sheriff of said County, and neglected to comply with the order of the Clerk requiring him to take a bond for the production of the chattels sued for; that thereby the plaintiff's demand was lost; that the plaintiff obtained judgment against the said Tully, and issued execution thereon, and that a return of *nulla bona* has been made on said execution. The complaint demanded judgment against the defendant for the amount of the judgment against Tully, with interest and costs. ·

The answer denied "each and every allegation of the complaint," and pleaded the Statute of Limitations.

The plaintiff gave in evidence what purported to be the original writ in trover, with an order endorsed thereon, signed S. Harrison, Clerk, requiring the Sheriff to arrest the defendant therein and compel him to give security for the production of the chattels sued for. He also gave in evidence the declaration filed in said action of trover, and a written decision thereon made by Judge Melton at chambers, dated April 12th, 1872, for $844, and interest from March 18, 1868, in favor of the plaintiff. This decision recited that, the defendant having consented to a judgment of $844, "it is therefore ordered that the plaintiff have judgment against the defendant accordingly."

A writ of *fieri facias*, founded upon said written decision, with a return of *nulla bona* thereon, dated 29th April, 1872, was next offered in evidence.

The defendant objected to the introduction of all the above stated papers, and especially to the decision at chambers of Judge Melton, upon the ground that a Judge has no jurisdiction at chambers to make order for judgment in an action of trover, and to the writ of *fieri facias* on the ground that there was no judgment to authorize its being issued.

At the close of the plaintiff's case the defendant moved for a nonsuit, upon the ground, amongst others, that no judgment in the action of trover had been proved.

The plaintiff contended that no formal entry of judgment is necessary where an order for judgment is made by consent, and that the objection to the want of a judgment could not be raised under the general denial contained in the answer.

His Honor the presiding Judge granted the motion, and the plaintiff appealed on the grounds:

1. That it is not necessary to enter formal judgment upon a written decision made by a Judge by consent of parties plaintiff and defendant.

2. That in order to maintain his action the plaintiff was not bound to prove the entry of judgment.

3. That under the general denial contained in the answer the defendant could not raise the objection of the omission to enter judgment.

4. That such omission was a mere irregularity, and His Honor should have allowed the plaintiff to enter the judgment *nunc pro tunc* if necessary, to maintain the action.

*Bacon*, for appellant, contended that the nonsuit should not have been granted under the general denial contained in the answer, and he cited *Catlin* vs. *Gunter*, 1 Duer, 266; *Ayrault* vs. *Chamberlain*, 33 Barb., 237; *Rappaule* vs. *Stuart*, 27 N. Y., 330; *Morrill* vs. *Irving Fire Company*, 33 N. Y., 429.

Under a general denial, defendant cannot insist that plaintiff is a married woman.—*Dillaye* vs. *Parks*, 31 Barb., 132. Nor upon the defense of usury.—*Fay* vs. *Grinstead*, 10 Barb., 32. Nor upon illegality in the contract.—*Potts* vs. *Spearman*, 3 Dowl. Pl., 630. Nor upon anything which confesses and avoids.—*McCrying* vs. *Bull*, 16 N. Y., 297.

He also cited *Davidson* vs. *Powell*, Von Stantf. Eq., 206, 207, and other authorities.

*Youmans & Sheppard*, contra:

The consent order for judgment at chambers was *coram non judice*, and is, therefore, null and void.—A. A. 1818, 7 Stat., 324; A. A. 1836, 7 Stat., 340; A. A. 1837, 7 Stat., 344, § 9; *Treasurers*

vs. *Bates*, 2 Bail., 380–1; *Gregg* vs. *Biggam*, 1 Hill, 299; *Gallman* vs. *Gallman*, 5 Strob., 209. It is a mere agreement of the parties.—*Allen* vs. *Richards*, 9 Rich. Eq., 56; *Wiseman & Finley* vs. *Hunter*, 14 Rich. Eq., 172. The entire proceeding in *Lyles* vs. *Tully* may be impeached collaterally by Bolles.—*Ingram* vs. *Beck*, 2 Rich., 112; *Maddox* vs. *Williams*, 1 Strob., 23–25; 3 How. U. S. R., 762, and other authorities.

August 4, 1876. The opinion of the Court was delivered by

MOSES, C. J. The complaint charges a liability, arising from the default of Bolles while Sheriff,—on whose official bond the other respondents were sureties,—in not executing an order alleged to have been made by the Clerk of the Court for Edgefield County, in action of trover brought by the appellant against one L. A. Tully, under the twentieth Section of the Act of 21st December, 1839, "concerning the office and duties of Clerks, Registers of Mesne Conveyance and Commissioners of Location."—12 Stat. at Large, 70. The order authorized by the said Act required Bolles, as Sheriff, to arrest the defendant "in the action of trover and cause him to enter into bond, with sufficient security, for the production of the chattel sued for, to satisfy the plaintiff's judgment in case he should recover." The whole purpose of the Act was to subject the specific chattel sued for to the satisfaction of the judgment which might be recovered in the action brought for its conversion, without regard to any existing lien by execution against the defendant. The effect was to counteract the common law rule, which, on a verdict for damages in an action of trover, vested the property in the defendant, and thereby rendered it at once liable to any pre-existing execution against him, thus practically destroying all the benefit which the plaintiff anticipated from his recovery.

To sustain the action here against the respondents, it is essential that the appellant should show the recovery of a judgment in the original suit; for, if he failed to obtain one, the alleged default on the part of the Sheriff has worked no damage or wrong to him. The bond to which he was entitled through the order, under the Act, was to secure "the production of the chattel sued for, to satisfy the plaintiff's judgment in case he should recover." If he has failed to recover, no loss can possibly ensue to him from the failure of the Sheriff to execute the order.

To sustain the present action, it was as necessary to the appellant to show the recovery of a judgment in his trover suit against Tully as if the action was for the possession of property and a judgment was a link in his chain of title. As held in *Gregg* vs. *Bingham*, (1 Hill, 302,) in the language of O'Neall, J., delivering the opinion of the Court, in regard to certain judgments which came in issue collaterally and were averred to operate as an estoppel: "To have this effect against the defendant, he must be either party or privy to them, He is a stranger to the judgments and is concluded by nothing in them. Whatever will avoid them he may show, to prevent them from having operation against him."

The doctrine announced by Chief Justice Marshall in *Rose* vs. *Hinsly*, (4 Cranch,) and affirmed in *Elliott* vs. *Piersol et al.*, (Peters,) was again declared to be the governing rule of the Supreme Court of the United States on the subject to which it related in *Lessee of Hickey* vs. *Stewart*, (3 How., 762.) The Chief Justice so fully and yet concisely states the principle that any further citations from the decisions may be spared. He says: "A sentence professing on its face to be the sentence of a judicial tribunal, if rendered by a self-constituted body, or a body not empowered by its government to take cognizance of the subject it had decided, could have no legal effect whatever. The power of the Court, then, is, of necessity, examinable to a certain extent by that tribunal which is compelled to decide whether its sentence has changed the right of property. The power under which it acts must be looked into, and its authority to decide questions which it professes to decide must be considered."

The order for judgment in *Lyles* vs. *Tully* by His Honor Judge Melton at chambers was invalid for want of authority to make it, and, as we have seen, may be impeached collaterally by the respondents when it is proposed to affect them by force of it. It has not been attempted to sustain the proceeding by any Act of the General Assembly permitting the exercise of such jurisdiction. As was said by the Court in *Clawson* vs. *Sutton Gold Mining Company*, (3 S. C., 420): "Whatever may be the power of a Judge in Court, no matter how general his jurisdiction, he is limited at chambers to what by statute he is authorized to do when so sitting." Regarding, then, a judgment against the defendant in the trover case essential to the right of action by the appellant against the Sheriff and his sureties for his alleged neglect in not requiring the

bond as directed by the order, and no valid judgment being shown, the only remaining question to be considered is whether the respondents can avail themselves of the deficiency of proof on the part of the appellant by a motion for nonsuit under the general denial in the answer of each and every allegation of the complaint.

It may be true, as said in the argument on behalf of the appellant, that "the answer must allege all those" facts which, when the cause of the plaintiff is "admitted or proved, the defendant must prove in order to defeat a recovery." It must be remembered, however, that here the order on the motion for nonsuit was based upon the failure of the plaintiff to prove his case. The defendants did not offer to prove anything, "which confessed and avoided the action." Under their general denial they would not be allowed to submit testimony in support of a defense which, while it sought to avoid the charge of the complaint, was necessarily forced first to confess it.

The nature and office of the "general denial, and the issues raised by it," have been so fully examined, and the principles by which they are to be governed, as derived both from the language of the Code and the decisions in regard to them, so well discussed by Mr. Pomeroy in the third Section of the fourth Chapter of his work on Remedies and Remedial Rights, that further examination may be well superseded by a mere reference to his conclusions on the subject. The profession is under great obligation to this gentleman for the benefit he has conferred by his late treatise on a system of procedure comparatively new and depending on the constitution of the Courts for the proper practical operation of various of its provisions. After a very minute reference to the cases, he appears to adopt the view of the Supreme Court of New York in the decisions to which he refers in his 660th Section "as describing, in a brief but very accurate manner, the office of the general denial," as follows: "Under a denial of the allegations of the complaint, the defendant may introduce any evidence which goes to controvert the facts which the plaintiff is bound to establish in order to sustain his action. Under the general denial of the Code, evidence of a distinct affirmative defense is not admissible; the only evidence which the defendant is entitled to give is limited to a contradiction of the plaintiff's proof and to the disproval of the case made by him."

The motion is dismissed.

*Wright*, A. J., and *Willard*, A. J., concurred.