HILL, J.:
After mediation, Innovative Waste Management (IWM) and Respondents signed an agreement promising to settle their claims and dismiss their lawsuit in exchange for Respondents paying IWM $450,000.00 within 30 days. The agreement further stated the parties "hereby authorize and direct their attorneys to execute and file a stipulation of dismissal with prejudice" once payment was received.
A few days later, Respondents' counsel emailed the circuit court's law clerk and copied an employee at the Dorchester County clerk of court, advising of the settlement and noting "we will file a stipulation of dismissal once the settlement is consummated." Less than a week later, the clerk of court generated and filed a Form 4 dismissal order, which reflected: "It is Ordered and Adjudged: ? See attached order, (formal order to follow)", and "This order ? ends ... the case." The Form 4, entitled "Judgment in a Civil Case," was signed by the clerk of court, not a circuit judge. No order was attached, but the Form 4 was accompanied by the mediator's "Proof of ADR" form, which indicated: "As a result of the ADR, this case should be considered ... ? Fully Settled ... ? Voluntary Dismissal to be filed by [counsel for Respondents]."
After Respondents failed to meet the payment deadline, IWM's counsel contacted the clerk of court to restore the case to the active roster, only to learn the lawsuit had been dismissed. IWM then filed a Rule 60(b), SCRCP, motion to vacate the settlement and restore the case to the active docket, which the trial court denied after hearing. After the trial court denied its motion to alter or amend, IWM filed this appeal.
I.
Rule 60(b)(4), SCRCP, provides a court may, "upon such terms as are just," relieve a party from a void judgment or order. "A void judgment is one that, from its inception, is a complete nullity and is without legal effect." Belle Hall Plantation Homeowner's Ass'n, Inc. v. Murray , 419 S.C. 605, 617, 799 S.E.2d 310, 316 (Ct. App. 2017) (quoting Universal Benefits, Inc. v. McKinney , 349 S.C. 179, 183, 561 S.E.2d 659, 661 (Ct. App. 2002) ). Void judgments are defined as those from courts that lacked personal or subject matter jurisdiction, or failed to provide due process. Id . at 617-18, 799 S.E.2d at 316.
A void judgment is far different from one merely "voidable." Thomas & Howard Co., Inc. v. T.W. Graham & Co., 318 S.C. 286, 291, 457 S.E.2d 340, 343 (1995). A voidable judgment is nothing more than one made in error by a court with jurisdiction, as our facts can show.
Given the stage of IWM's case, it could have been voluntarily dismissed only by a stipulation of dismissal signed by all parties. Rule 41(a)(1), SCRCP. Consequently, even if, after notice and hearing, a circuit judge had signed the Form 4 purportedly ending the case pursuant to Rule 41(a), it *782 would have been error. But it would have been an error fixable by the trial court on reconsideration, or by this court on appeal: the error not being one of jurisdiction, the judgment would have been voidable, not void. See Thomas & Howard Co. , 318 S.C. at 291, 457 S.E.2d at 343 ("Irregularities which do not involve jurisdiction do not render a judgment void."); Piana v. Piana , 239 S.C. 367, 372, 123 S.E.2d 297, 299 (1961) ("There is a wide difference between a want of jurisdiction in which case the court has no power to adjudicate at all, and a mistake in the exercise of undoubted jurisdiction in which case the action of the trial court is not void although it may be subject to direct attack ...." (citation omitted) ). But the Form 4 ending IWM's case was signed without notice or hearing and by the clerk of court, who had no authority to do so. The tasks of the clerk of court are ministerial, always subject to judicial control and the rules of court. See S.C. Code Ann. § 14-7-220 (2017) ; Rules 58 and 77(c), SCRCP. A clerk of court may only sign and enter judgment without court direction and approval when the judgment merely confirms a jury's general verdict, or upon the court's decision "that a party shall recover only a sum certain or costs or that all relief shall be denied ...." Rule 58(a)(1), SCRCP.
Lyles v. Bolles , 8 S.C. 258 (1876) endorsed the following language: "A sentence professing on its face to be the sentence of a judicial tribunal, if rendered by a self-constituted body, or a body not empowered by its government to take cognizance of the subject it had decided, could have no legal effect whatever." Id . at 262 (quoting Rose v. Himely, 8 U.S. 4 Cranch 241, 268-69, 2 L.Ed. 608 (1808) (Marshall, C.J.) ). Both Lyles and Rose used the traditional term of art, coram non judice, " 'before a person not a judge'-meaning, in effect, that the proceeding in question was not a judicial proceeding because lawful judicial authority was not present, and could therefore not yield a judgment. " Burnham v. Superior Court of California, Cty. of Marin , 495 U.S. 604, 609, 110 S.Ct. 2105, 109 L.Ed.2d 631 (1990).
The record discloses no action of the court authorizing the Form 4 dismissal, much less after notice and hearing, as due process required. It is therefore void, and "is, in legal effect, nothing." Turner v. Malone , 24 S.C. 398, 401 (1886). "All acts performed under it, and all claims flowing out of it, are void." Id . ; see also Burke v.C. I. R ., 301 F.2d 903 (1st Cir. 1962) ("[C]ourts render judgments; clerks only enter them on the court records. What is determinative therefore is the action of the court, not that of the clerk ...."); Downing v. O'Brien, 325 A.2d 526, 528 (Me. 1974)overruled on other grounds by Architectural Woodcraft Co. v. Read , 464 A.2d 210 (Me. 1983) ("It seems obvious that since the Clerk is performing only a ministerial function and is not empowered to perform a judicial function, whenever a Clerk acts in excess of the authority granted by the Rule and purports to enter a judgment in a case where he has no authority to do so, the judgment so entered is void.").
Although we typically review denials of Rule 60, SCRCP, motions for abuse of discretion, a court has no discretion to perpetuate a void judgment. The Form 4 is vacated, and the order of the trial court denying IWM relief from the void judgment is
REVERSED AND REMANDED .
LOCKEMY, C.J., and HUFF, J., concur.