# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

Innovative Waste Management Inc., Crest Energy Partners LP, Edward H. Girardeau, Plaintiffs,

Of Whom Innovative Waste Management, Inc. is the Respondent,

v.

Crest Energy Partners GP, LLC, Dunhill Products GP, LLC, Henry Wuertz, Innovative Waste Management Inc., Crest Energy Partners LP, Dunhill Products LP, Edward H. Girardeau, C. Russ Lloyd, Defendants,

Of Whom Crest Energy Partners GP, LLC, Crest Energy Partners LP, Dunhill Products LP, Henry Wuertz, and Edward H. Girardeau are the Petitioners.

Appellate Case No. 2018-001528

———————

**ON WRIT OF CERTIORARI TO THE COURT OF APPEALS**

———————

Appeal from Dorchester County
Maité Murphy, Circuit Court Judge

———————

Opinion No. 27862
Submitted January 15, 2019 – Filed February 6, 2019

———————

**AFFIRMED AS MODIFIED**

———————

David B. Marvel, of Charleston, for Petitioners.

Frederick John Jekel, of Jekel-Doolittle, LLC, of Columbia; and William Michael Gruenloh, of Gruenloh Law Firm, of Charleston; for Respondent.

---

**PER CURIAM:** Petitioners seek a writ of certiorari to review the court of appeals' decision in *Innovative Waste Management, Inc. v. Crest Energy Partners GP, LLC*, 423 S.C. 611, 815 S.E.2d 780 (Ct. App. 2018). We grant the petition, dispense with further briefing, and affirm the court of appeals' decision as modified.

We have no quarrel with the court of appeals' holding that the Form 4 order of dismissal signed by the clerk of court was void, and the circuit court erred by failing to restore the case to the docket once the settlement fell through. However, in its discussion of Rule 41(a), SCRCP, the court of appeals included the following observation:

> Given the stage of IWM's case, it could have been voluntarily dismissed only by a stipulation of dismissal signed by all parties. Rule 41(a)(1), SCRCP. Consequently, even if, after notice and hearing, a circuit judge had signed the Form 4 purportedly ending the case pursuant to Rule 41(a), it would have been error.

*Innovative Waste Mgmt.*, 423 S.C. at 614, 815 S.E.2d at 781-82. We conclude this is an incorrect statement of the law insofar as Rule 41(a) and the procedural posture of this case are concerned. It is true that one of the ways this action could have been dismissed was by stipulation of dismissal signed by all parties who had appeared in the action. Rule 41(a)(1)(B). However, that was not the only way, as Rule 41(a)(2) would have allowed the circuit court to dismiss this action "upon such terms and conditions as the court deems proper." Rule 41(a)(2), SCRCP. Therefore, the application of Rule 41(a) to the procedural posture of this case is correctly stated as follows:

> Given the stage of IWM's case, the dismissal referenced in the email communication to the circuit court and clerk of court and in the ADR report could not have been finalized under Rule 41(a) except in one of two ways. First, under Rule 41(a)(1)(B), the case could have been dismissed by a

stipulation of dismissal signed by all parties who had appeared in the action. Second, pursuant to Rule 41(a)(2), the action could have been dismissed "at the plaintiff's instance . . . upon order of the court and upon such terms and conditions as the court deems proper." Rule 41(a)(2), SCRCP. If the dismissal had been entered in either of these two ways, the judgment would have been voidable, not void. However, neither scenario contemplated by Rule 41(a) occurred.

Trial courts frequently use the second option to maintain an accurate and current docket. When a party notifies the court a case has settled, a Rule 41(a)(2) order of dismissal may be entered to take the case off the docket while the parties consummate the settlement. In our Federal Courts this is referred to as a "*Rubin*" order.[1] If the settlement falls through, the court may either restore the case to the docket, or if asked, consider whether to enforce the settlement.

We agree the Form 4 order of dismissal signed by the clerk of court was void, the circuit court erred by not restoring the case to the roster, and the court of appeals correctly vacated the order. Accordingly, we affirm the court of appeals' opinion as modified.

**AFFIRMED AS MODIFIED.**

**BEATTY, C.J., KITTREDGE, HEARN, FEW and JAMES, JJ., concur.**

---

[1] The name "*Rubin*" order apparently comes from *In re Corrugated Container Antitrust Litigation*, 752 F.2d 137 (5th Cir. 1985), an opinion written by the late Honorable Alvin Rubin. In the opinion, the Fifth Circuit held that when a settlement is incorporated into a court order, "The court retained jurisdiction . . . 'for the purpose of effectuating the settlement.'" 752 F.2d at 141.