# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

Innovative Waste Management, Inc., Respondent,

v.

Crest Energy Partners GP, LLC, Crest Energy Partners L.P., Dunhill Products GP, LLC, Dunhill Products L.P., Henry Wurtz, and Edward H. Girardeau, Defendants,

Of Whom Crest Energy Partners GP, LLC, Crest Energy Partners L.P., Dunhill Products L.P., Dunhill Products GP, LLC, and Henry Wuertz are the Petitioners.

Appellate Case No. 2023-001045

————————

## ON WRIT OF CERTIORARI TO THE COURT OF APPEALS

————————

Appeal from Dorchester County
Maité Murphy, Circuit Court Judge

————————

Opinion No. 28251
Heard December 11, 2024 – Filed January 15, 2025

————————

## AFFIRMED

————————

David B. Marvel, of Charleston, for Petitioners.

William M. Gruenloh and Joseph Matthew Krause, both of Gruenloh Law Firm, of Charleston; and Frederick John Jekel, of Leventis & Ransom, of Columbia, for Respondent.

_____

**JUSTICE VERDIN:** Innovative Waste Management brought this action against Dunhill Products, Crest Energy Partners, Henry Wuertz, and Edward Girardeau asserting claims for—among other claims—breach of contract, fraud, and misappropriation of trade secrets. After three motions to compel, two sanctions from the circuit court, and seven years of time and money spent on discovery, the circuit court found the Petitioners in contempt for violating prior discovery orders and sanctioned them by striking their answer and counterclaims. Petitioners appealed to the court of appeals, which affirmed in an unpublished opinion. *Innovative Waste Mgmt., Inc. v. Crest Energy Partners GP, LLC*, Op. No. 2023-UP-126 (Ct. App. 2023). We granted certiorari to decide whether the court of appeals erred in finding (1) that the Petitioners waived review of the trial court's interlocutory discovery orders under *Davis v. Parkview Apartments*, 409 S.C. 266, 762 S.E.2d 535 (2014); and (2) that the circuit court did not abuse its discretion by striking Petitioners' answer and counter claims under Rule 37(b)(2)(C), SCRCP. After careful consideration, we agree with IWM that, in discovery, time does eventually run out on bad behavior. Accordingly, we adopt the well-reasoned opinion of the court of appeals and take this opportunity to publish it:

In this business litigation, the circuit court sanctioned Crest Energy Partners, GP and Crest Energy Partners LP (together Crest Energy), Dunhill Products GP, LLC and Dunhill Products LP (together Dunhill Products), and Henry Wuertz for discovery abuse and struck their pleadings. Crest Energy, Dunhill Products, and Wuertz (collectively, Appellants) now appeal. We affirm.

## I.

In 2009 and 2010, Innovative Waste Management (IWM) and Dunhill Products entered into a joint venture, which ultimately led to allegations of breach of contract, fraud, various torts, and other causes of action. Specifically, IWM accused Dunhill Products, Crest Energy Partners (successor-in-interest to Dunhill Products), and Wuertz (the president of Dunhill Products and director of Crest Energy Partners), of stealing trade secrets and improperly interfering with prospective business relationships, as well as the theft of over one million dollars of petroleum products. IWM sought twelve million dollars in economic damages,

as well as punitive damages against Appellants. Appellants answered with several affirmative defenses and counterclaims sounding in contract and tort.

IWM served Appellants with requests for discovery and interrogatories on October 2, 2012. Despite assurances from Appellants' counsel that discovery responses were on their way, Appellants did not timely produce discovery. On January 31, 2013, IWM filed its first motion to compel discovery. On March 15, 2013, Appellants and IWM entered into a consent order on IWM's motion to compel, wherein Appellants agreed to pay IWM's counsel $500.00 to cover IWM's attorney's fees in pursuing discovery responses and to provide any outstanding discovery the following week. On March 20, 2013, Appellants provided a compact disc to IWM, which contained 2,254 documents—but did not contain a document log or index of any kind. Appellants did not respond to IWM's interrogatories, and on March 21, 2013, Appellants filed a motion for a protective order, asserting a number of IWM's interrogatories were "patently objectionable."

On March 23, 2013, IWM filed an amended motion to compel discovery, alleging Appellants had willfully failed to comply with the March 15, 2013 consent order. IWM asserted the compact disc provided by Appellants was only partially responsive to its requests for discovery; was not useful because it did not contain a document index; and did not provide "any documents that evidence the damages alleged in [Appellant's] counterclaim." On April 1, 2013, the parties appeared before the circuit court. After hearing arguments, the circuit court ruled Appellants were required to fully cooperate in discovery, but, in lieu of answering some of the interrogatories regarding Appellant's finances, Appellants could produce certified financial statements as to the net worth of each defendant.

Appellants answered IWM's interrogatories on May 3, 2013, and July 1, 2013, and gave IWM certified financial statements for each Appellant. IWM served Appellants with supplemental discovery requests, asking for an accounting of income derived by Appellants from the use of the confidential information allegedly stolen from IWM, as well as Appellants' tax filings. In response, Appellants filed a second motion for a protective order, asserting the supplemental requests violated the circuit court's April 1, 2013 rulings. On August 27, 2013, IWM filed a motion to compel, arguing Appellants' interrogatory answers were deficient and unresponsive to the posed questions. IWM also asserted Appellants had failed to respond to the supplemental requests for discovery.
The parties again appeared before the circuit court, and, on September 27, 2013, the circuit court signed an order denying Appellants' motion for a protective order and granting IWM's motion to compel in part—ruling Appellants were required to

produce the accounting requested, but, in lieu of many of the financial documents and tax records requested by IWM, Appellants would produce "the working papers such as W-2s, 1099s, K-1's, etc., used in preparation of [Appellant's] state and federal tax returns for the period of 2008-2012."  The circuit court additionally ruled that, because Appellants failed to provide discovery responses in accord with the court's earlier orders, Appellants were to pay IWM $2,000.00 in attorneys' fees no later than October 9, 2013.

On November 8, 2014, IWM served subpoenas on Appellants' accountant and bank.  The subpoenas requested the institutions release Appellants' records from 2008 to the present.  On December 4, 2013, Appellants filed a motion to quash the subpoenas, asserting the subpoenas sought information not reasonably calculated to lead to the discovery of admissible evidence.  In opposition to the motion to quash, IWM argued the financial records were needed because, when IWM compared Wuertz's deposition testimony and Appellants' tax records with the certified financial statements produced as a result of the circuit court's earlier discovery rulings, differing pictures emerged regarding Appellants' net worth.  IWM argued the information from the subpoenas would provide accurate information regarding Appellants' finances, which was relevant "to monies made by the parties as a result of the transactions [at issue in the lawsuit], [Appellants'] ability to satisfy a judgment, and to verify undocumented testimony by the parties under oath."  In an April 6, 2015 order, the circuit court denied the motion to quash.  As a result of the subpoena, Appellants' accountant released financial records to IWM through 2013.

On April 8, 2015, the parties signed a settlement agreement, which included a payment deadline.  As a result of the settlement, the case was dismissed in a Form 4 order signed only by the clerk of court.  Appellants did not make the payment by the deadline, and IWM filed a Rule 60(b), SCRCP motion to restore the case, which was denied.  In May 2015, IWM appealed the denial of its Rule 60(b), SCRCP motion, and the case made its way through the appellate process for the next four years.  In 2018, this court found the Form 4 order dismissing the case void, and the South Carolina supreme court affirmed this holding in February 2019. *Innovative Waste Mgmt. Inc. v. Crest Energy Partners GP, LLC*, 423 S.C. 611, 615, 815 S.E.2d 780, 782 (Ct. App. 2018), *aff'd as modified*, 425 S.C. 568, 824 S.E.2d 214 (2019).  Having found the case erroneously dismissed, the supreme court remanded the case to the circuit court. *Innovative Waste Mgmt*, 425 S.C. at 571, 824 S.E.2d at 215.

After remand to the circuit court, IWM's counsel sent Appellants' counsel a letter requesting Appellants update their discovery responses. IWM also re-issued the subpoena to Appellants' accountant, this time requesting records through 2019. In response, the accountant filed a motion to quash the subpoena in Louisiana, which was granted by a Louisiana court. On April 22, 2019, the parties underwent a teleconference with the circuit court during which IWM asserted that, due to Appellants' failure to cooperate in the release of the updated financial documents, Appellants should be ordered to provide executed authorizations for the production of the accounting and banking records, or simply obtain and produce the records themselves.

On May 7, 2019, Appellants' counsel sent IWM a letter following up on the teleconference, stating that all past discovery orders had been complied with at the time they were issued and there was no need for updated financial information. On May 15, 2019, IWM filed another motion to compel discovery. In the motion, IWM asserted Appellants had a duty to supplement the financial statements under Rule 26(e), SCRCP, and Appellants should be ordered to provide executed authorizations for the release of their own banking and accounting records through 2019.

A hearing on the motion to compel was held on June 5, 2019. Appellants asserted the circuit court could not order Appellants to execute authorizations for the release of their updated banking and accounting records because: 1) it was outside of the circuit court's authority under the rules of civil procedure, 2) the records were not relevant, and 3) an order mandating the release of the records was an improper collateral attack on the court's earlier discovery rulings. On June 18, 2019, the circuit court granted IWM's motion to compel and ordered "An Authorized Principal" for each Appellant to sign authorizations for the release of the accounting and banking records from 2009 to 2019 within seven days. The circuit court also ordered Appellants to pay IWM $1,950.00 for its attorneys' fees and costs of bringing the motion to compel.

On June 25, 2019, Appellants filed a motion to alter or amend the June 18, 2019 order. On August 1, 2019, the circuit court filed an order denying Appellants' motion to amend, except as to one technical issue, stating:

> The June 18 Order is now amended only to allow these documents and statements to be executed by or on behalf of such entities by either an Authorized Principal or Accounting Professional, and the remainder of the relief

requested in [Appellants'] motion is hereby denied.

On August 9, 2019, IWM's counsel sent Appellants' counsel an email asking for the authorizations as the deadline to produce the authorizations (seven days) had passed. Appellants' counsel wrote back explaining he had not seen the order, and he would "pull it electronically." Over the next couple of weeks, Appellants produced the 2016 and 2017 tax returns for Crest Energy, as well as a new certified financial statement for Wuertz. Appellants also produced a letter from Crest Energy's CPA stating Crest Energy/Dunhill Products had not been in business since 2015, and any income reported in 2016 and 2017 tax returns was "a result of accounting practices which, among other things, require a taxpayer to declare cancelled debt as income." With these productions, Appellants' counsel stated, "more to come."

However, on August 30, 2019, Appellants sent IWM a notice they would be appealing the August 1, 2019 order. The same day, counsel for Appellants sent the circuit court a letter indicating Appellants had produced all the updated financial information they could. In the letter, Appellants' counsel requested to be held in contempt "to the extent you feel the [updated financial] production . . . violates your [o]rder," so that Appellants could file an appeal of the August 1, 2019 order.

Two weeks later—before the circuit court acted on Appellants' letter—IWM filed a motion for sanctions pursuant to Rule 37, SCRCP. In the motion, IWM asserted Appellants "continual willful failure to comply" with the many discovery orders in the case was a "deliberate attempt to delay this case," demonstrating "a clear pattern of willful misconduct which has unduly prejudiced [IWM's] ability to try its case." A hearing on the motion for sanctions and Appellants' request to be held in contempt was held on September 23, 2019.

On October 1, 2019, the circuit court issued an order granting IWM's motion for sanctions. In the order, the circuit found Appellants "have engaged in a deliberate pattern of discovery abuse and willfully failed to follow this Court's August 1, 2019 Order[.]" The circuit court detailed the procedural history of the case, noting that, due to missed deadlines and partial responses, IWM "was forced" to file a motion to compel, an amended motion to compel, and a second motion to compel all before the 2015 hearing regarding whether the subpoenas for Appellants' financial documents should be quashed. The circuit court noted that, in denying the motion to quash, it found that "bank and accountant records from 2009 through the present were relevant and should be disclosed." The circuit court then described the communications that occurred amongst IWM, the circuit court, and

Appellants after the case's remand from the South Carolina supreme court, noting counsel for Appellants often asked for extensions for the production of the updated financial information and made promises to produce the authorizations that were not fulfilled. The circuit court noted that, on June 18, 2019, and then again, on August 1, 2019, it ordered Appellants to produce authorizations for the release of the banking and accounting records, as well as monetary sanctions in the amount of $1,950.00. The circuit court noted Appellants did not produce the authorizations, pay $1,950.00, or "advise [IWM] or the Court of its inability to pay the award of attorney's fees at any point prior to [the hearing on the motion for sanctions]." The court found that, "from a review of the totality of the record," Appellants' "conduct is in bad faith, is willfully disobedient to the orders of the Court, and demonstrates a gross indifference to [IWM's] rights seeking to delay a case on the eve of trial." The circuit court noted that, instead of timely asserting that Appellants did not believe updated records from the bank and accountant were discoverable, Appellants chose "to make false representations to opposing counsel" and "feign compliance with the order of the Court." Accordingly, the circuit court ruled, instead of being found in contempt without any sanctions, Appellants' pleadings would be struck. This appeal follows.

## II.

We hold Appellants have waived appellate review of all discovery orders prior to the October 1, 2019 order granting sanctions, and therefore, the October 1, 2019 order is the only order properly before us on appeal. *See Davis v. Parkview Apartments*, 409 S.C. 266, 280–81, 762 S.E.2d 535, 543 (2014) (finding plaintiffs who were sanctioned for discovery abuse had waived review of the underlying discovery orders "by providing incomplete responses and causing delay through other tactics" while "continu[ing] to accept the circuit court's formulation of discovery" instead of preserving their objections to the prior discovery orders by immediately refusing to comply with the prior orders, suffering contempt, and appealing from the contempt finding; accordingly, the prior discovery orders were the law of the case and the only order properly on appeal was the order granting sanctions).

Regardless, even if the June 18/August 1, 2019 orders were properly before us on appeal, we find the circuit court did not abuse its discretion or exceed its authority in ordering Appellants to execute authorizations for the release of their own banking and accounting records. *See Hollman v. Woolfson*, 384 S.C. 571, 577, 683 S.E.2d 495, 498 (2009) ("A trial judge's rulings on discovery matters will not be disturbed by an appellate court absent a clear abuse of discretion."). Because IWM

asked for punitive damages, Appellants' financial documents through 2019 were relevant under Rule 26, SCRCP. *See* Rule 26(b)(1), SCRCP ("Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action . . . . It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence."); *Branham v. Ford Motor Co.*, 390 S.C. 203, 239, 701 S.E.2d 5, 24 (2010) (providing, under South Carolina law, "the wealth of a defendant is a relevant factor in assessing punitive damages" (quoting *Welch v. Epstein*, 342 S.C. 279, 307, 536 S.E.2d 408, 423 (Ct. App. 2000))). Further, although the banking and accounting documents were in the custody of the bank and accountant, they were Appellants' documents, and, therefore, within the legal control of Appellants. *See* Rule 34(a), SCRCP ("Any party may serve on any other party a request (1) to produce . . . any designated documents, or electronically stored information . . . within the scope of Rule 26(b) and which are in the possession, custody or control of the party upon whom the request is served . . . ."); *see also Barnette v. Adams Bros. Logging, Inc.*, 355 S.C. 588, 595, 586 S.E.2d 572, 576 (2003) (affirming an order granting sanctions for a party's failure to comply with a discovery order compelling execution of an authorization for the release of social security records); *Mir v. L-3 Commc'ns Integrated Sys., L.P.*, 319 F.R.D. 220, 229–30 (N.D. Tex. 2016) ("[R]equests for signing and executing written releases or authorizations may be properly made under Rule 34(a) [FED. R. CIV P.]—and then, if necessary, compelled under Rule 37(a) [FED. R. CIV P.]—insofar as they require a responding party to permit the requesting party or its representative to inspect or copy designated documents or electronically stored information in the responding party's control . . . . Reading Rule 34(a) to permissibly require parties to sign and execute written releases and authorization forms, so understood, does not amount to impermissibly requiring a responding party to create a new or non-existent document."); Wright and Miller, § 2210 Possession, Custody, or Control, 8B Fed. Prac. & Proc. Civ. § 2210 (3d ed. 2022) (gathering cases discussing the issue of compelling authorizations for release of documents within a party's "control"). Finally, due to the evolving discovery posture of the case, we find the June 18/August 1, 2019 orders did not improperly overrule another circuit court's order in the same case. *See Sellers v. Nicholls*, 432 S.C. 101, 114, 851 S.E.2d 54, 60 (Ct. App. 2020) ("'[A]n interlocutory order [that] merely decides some point or matter essential to the progress of the cause, collateral to the issues in the case, is not binding as the law of the case, and may be reconsidered . . . by the court before entering a final order on the merits." (quoting *Shirley's Iron Works, Inc. v. City of Union*, 403 S.C. 560, 573, 743 S.E.2d 778, 785 (2013))).

As for the October 1, 2019 order, we hold the circuit court was within its discretion to strike Appellants' pleadings as a sanction for discovery abuse. *See Barnette*, 355 S.C. at 593, 586 S.E.2d at 575 ("Pursuant to Rule 37(b)(2)(C), SCRCP, when a party fails to obey an order to provide or permit discovery, the court may 'make such orders in regard to the failure as are just,' including an order dismissing the action or proceeding, or any part thereof."). Appellants assert they were well within their rights to move for protective orders and a motion to quash and these should not be grounds for sanctions. We agree. IWM's interrogatories and their requests for documents were extensive, and it is reasonable Appellants would ask the court to tailor IWM's discovery requests. However, Appellants' use of motions for protective orders is not the reason Appellants were sanctioned. Rather, in finding Appellants "engaged in a deliberate pattern of discovery abuse," the circuit court described the many times Appellants missed discovery response deadlines; failed to fully comply with motions to compel; represented to the court they would cooperate in discovery, but then failed to follow through; and failed to pay past monetary sanctions. The circuit court found not only was Appellants' non-compliance with the June 18/August 1, 2019 orders willful, it was also likely a tactic "to delay a case on the eve of trial" in gross indifference to IWM's rights. We find the record supports these findings, and, as in *Davis*, the harsh sanction of dismissing Appellants' pleadings was not unreasonable. *See Davis*, 409 S.C. at 283, 762 S.E.2d at 544 (finding dismissal of the pleadings was not an unduly harsh sanction in light of the plaintiff's willful and repeated failure to comply with various orders of the trial court, which resulted in unnecessary delay and prejudice to the defendants). Accordingly, we affirm the October 1, 2019 order sanctioning Appellants and striking their pleadings.

*Innovative Waste Mgmt., Inc.*, Op. No. 2023-UP-126.

For all these reasons, the court of appeals decision is

**AFFIRMED.**

**KITTREDGE, C.J., FEW, JAMES, JJ., and Acting Justice Brian M. Gibbons, concur.**